## CATHERINE KING *vs.* JAMES DONAHUE.

A party to an action is not entitled to write his signature in the presence of the jury for the purpose of being compared with a signature purporting to be his, the genuineness of which he denies.

WRIT OF DOWER by the widow of Patrick King. At the trial in the Superior Court, before *Rockwell*, J., the tenant introduced in evidence a deed releasing dower, which purported to be signed by the demandant. The demandant, being called as a witness, testified that the deed was a forgery. She thereupon wrote her name in the presence of the jury, seven or eight times in succession, upon a slip of paper, and offered to submit it to the jury for the purpose of having it compared by them with the signature to the deed, as evidence that that signature was not genuine. The tenant objected, but the judge allowed the paper to be submitted to the jury.

The demandant also offered in evidence her signatures upon the pay-roll of the Albion Paper Company, by whom she had been employed from eighteen months to two years prior to the trial, (such signatures being made at the end of every month during that time,) for the purpose of letting the jury compare them with the signature to the deed. The tenant objected, but the judge admitted the evidence.

The jury returned a verdict for the demandant, and the tenant alleged exceptions.

*G. Wells*, (*N. A. Leonard & H. Morris* with him,) for the tenant.

*M. P. Knowlton*, (*G. M. Stearns* with him,) for the demandant.

AMES, J. Upon the question whether the genuine signature of the demandant had been subscribed to the instrument purporting to contain her release of the right of dower, she was not to be confined in her testimony to a mere general denial. She was entitled to whatever benefit could be derived from a comparison of the disputed signature with her genuine and unquestioned handwriting. For that purpose, she would be allowed to produce original letters or other documents, admitted or proved to bear her

genuine signature, in order that the jury might make the compari-
son. But we do not find any case in which signatures made for
the purpose of being examined have been so admitted. *Stanger*
v. *Searle*, 1 Esp. 14. *Keith* v. *Lothrop*, 10 Cush. 453. Lord Ken-
yon gave as the reason for the exclusion of such evidence, in the
first of these cases, that "the party might write differently from
his common mode of writing his name, through design;" and the
like reason was given by Lord Denman in *Doe* v. *Newton*, 5 A. &
E. 514. It is suggested in the argument that this consideration
affects the weight of the evidence rather than its competency.
The rule however seems to be that a signature made for the occa-
sion, *post litem motam*, and for use at the trial, ought not to be
taken as a standard of genuineness, and that the jury should not
be troubled with the additional issue or question whether the sig-
nature so offered is written in a constrained and forced manner or
not. In the language of Coleridge, J., in *Doe* v. *Suckermore*, 5
A. & E. 703, 705, "the test of genuineness ought to be the resem-
blance, not to the formation of the letters in some other specimen
or specimens, but to the general character of writing, which is
impressed on it, as the involuntary and unconscious result of con-
stitution, habit, or other permanent cause, and is therefore of itself
permanent. And we best acquire a knowledge of this character,
by seeing the individual write at times when his manner of writ-
ing is not in question, or by engaging with him in correspond-
ence; either supposition giving reason to believe that he writes
at the time, not constrainedly, but in his natural manner." In
*Doe* v. *Newton*, 5 A. & E. 514, it was held that no documents
could be made use of for the purpose of effecting a comparison of
this kind, except such as were already in evidence for other pur-
poses of the cause. With us the rule is less strict, and it is enough
to say that the disputed writing is not to be tested by comparison
with any but an admitted or proved fair specimen of the natural
and habitual handwriting of the party. There are cases to the
effect that where a witness has denied his signature to a document,
he may be called upon in cross-examination to write his name in
open court, in order that the jury may compare such writing with
the controverted signature; but this is merely as a part of the

cross-examination, and for the purpose of contradicting the witness. *Doe* v. *Wilson*, 10 Moore P. C. 502, 530. *Chandler* v. *Le Barron*, 45 Maine, 534. Taylor on Ev. § 1669.

The demandant's signatures to receipts for her wages, upon the pay-roll, were properly admitted; but it was an error upon the part of the presiding judge to allow her signature made at the trial to go to the jury. Upon this ground, the

*Exceptions are sustained.*