## DANIEL BROBSTON

*v.*

## JOHN CAHILL.

1. EVIDENCE—*proof of genuineness of handwriting by comparison with other writing admitted to be genuine.* The rule, as announced in the case of *Jumpertz* v. *The People,* 21 Ill. 375, that the genuineness of handwriting can not be proved or disproved by allowing the jury to compare it with other writing of the party proved or admitted to be genuine, does not apply where the writing, with which it is sought to compare that claimed as not genuine, is properly in evidence and pertinent to the case.

2. As, where, in an action of assumpsit for money claimed to be due the plaintiff, the defendant introduced in evidence, for the purpose of showing his non-indebtedness, various receipts given him by the plaintiff, one of which the plaintiff denied he ever executed, it was *held* proper for the court, in determining whether such receipt was genuine, to compare it with the others admitted to be genuine.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. WARD & STANFORD, for the appellant.

Mr. H. B. STEVENS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action brought by appellee, before a justice of the peace of Cook county, against appellant, and after a trial before the justice, the case was removed to the Superior Court by appeal. A trial was had before that court without a jury, by consent, and resulted in a judgment in favor of plaintiff for $60, and defendant brings the case to this court by appeal, and assigns various errors on the record. ·

On the trial, a receipt, purporting to have been given by appellee to appellant for $300, was offered in evidence. Its execution was denied by appellee, but appellant swore he saw appellee execute it, and details the circumstances under which it was given.

A witness swore that he was present at the trial before the justice, when a receipt for $300, signed by appellee, was before the court, and the signature to which appellee admitted to be genuine. This, in the absence of rebutting evidence, would be of a very satisfactory character, leaving scarcely a doubt of the genuineness of this receipt. But appellee swears that it was another receipt that was before the justice, which is calculated to cast some doubt upon its validity.

But a consideration of all the evidence, we think, must be regarded as clearly overcoming the evidence of appellee. He, in giving his evidence, refused to swear to or deny his signature to other receipts until he could examine his books to see the entries he had made of payments received. This either proved he was really so ignorant that he did not know his own signature, or was so untruthful that he would not testify to what he knew to be true. And whether we attribute his refusal to either admit or deny that the name was genuine to these receipts, matters but little, as, if his evidence was induced by either reason, it must render it of slight value. If he

did not know whether the signature was or was not genuine to those receipts, how could he know whether his signature to this $300 receipt was a forgery? Such ignorance certainly militates strongly against his evidence on that question. Giles contradicts him flatly when he says the receipt read before the justice stated that it was for $200 of stone furnished by appellant, and the balance for money paid him. Giles is disinterested and unimpeached, and we can see no reason to disbelieve his testimony.

If, on the other hand, he did know whether the signatures were genuine, and he denied knowledge of that fact, then his want of truth renders his evidence worthless. And we think the evidence of appellant and the other witness overcome his unsupported testimony.

Again, the bill of exceptions states that the court below refused to compare the signature to this receipt with the signatures to the receipts appellee admitted to be genuine. This decision was, no doubt, based on the case of *Jumpertz* v. *The People*, 21 Ill. 407, as the court stated that he acted in conformity to the decision of this court. There is, as we conceive, a broad distinction between that and this case. Here, all the receipts had been and were legally admitted in evidence, and were before the court for consideration. Notwithstanding the denial of its execution, it was sufficiently proved to be properly admitted, by the evidence and the witness Giles. The court would have erred had he rejected this receipt as evidence on the proof.

In Jumpertz' case, the error consisted in admitting in evidence papers not pertinent to the case, but simply to permit the jury to compare them with the signature of defendant to show it was genuine. But in this case the receipt, if genuine, constituted a defense to the amount for which it was given. Had a letter, or some other paper collateral to the defense, been offered to be compared with the signature to this receipt, then it would have been like Jumpertz' case. But here the receipts and orders were all properly before the court, and in

considering the evidence to enable the court to find the issues, there can not be the least doubt that the court might compare the signatures to determine whether the receipt should be rejected. The court was performing the functions of a jury, and all courts recognize their power to weigh, consider and compare any and all evidence before them, to be the better able to find the truth. The court below should, therefore, have compared the signatures as a means of determining whether the receipt was genuine.

When it is claimed that an instrument has been altered, and it is in evidence, all know that a jury may examine and compare the handwriting of the portion claimed to have been altered with the writing of the body of the instrument as well as the color of the ink, and all particulars connected with it. But other instruments having no connection with the case can not be introduced to be compared with the instrument claimed to be altered. This is the well and clearly recognized distinction.

We think the evidence fails to sustain the finding of the court, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*