## BERNARD BRONNER AND SECKEL BRONNER, RESPONDENTS, *v.* MARTHA A. LOOMIS, APPELLANT.

*Forgery — party alleging, writing his name in open court — when such signature evidence.*

Where, upon the trial of an action brought upon an instrument claimed to be a forgery, the party asserting the forgery writes his name, in open court, at the instance of the adverse party, the latter may offer the signature so acquired in evidence, for the purpose of having it compared with the signature in controversy.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought upon a promissory note purporting to have been signed by the defendant as maker, and which was subsequently transferred to the plaintiff.

During the trial, upon her cross-examination, the defendant was requested by the plaintiff's counsel to write her name in the presence of the referee, and she accordingly did so. Upon the close of the case, this signature was offered in evidence by plaintiff's counsel, and, against the defendant's objection and exception, was received by the referee.

*J. J. Sayles*, for the appellant.

*Wm. C. Ruger*, for the respondents.

TALCOTT, P. J.:

This is an appeal from a judgment entered on the report of a referee. The action was upon a promissory note. The defense was that the signature to the note was not the genuine signature of the defendant, but was a forgery.

The only exception to which our attention is called by the counsel for the defendant is that stated at the close of the case, as follows: "A signature made by the defendant upon trial, at the request of the plaintiff's counsel, offered in evidence, written by the defendant, objected to by the defendant's counsel and objection overruled, and exception taken by the defendant." The defendant's counsel undertakes to sustain his objection and exception by a reference to the general rule of law as settled in this State, that when the question is upon the genuineness of a signature, you cannot give in evidence other instruments which are genuine to enable the jury to compare the signatures thereto with the one which is disputed. It is true, this is the general rule as adopted in this State. This rule seems to be founded on two reasons: 1. Because, in the absence of such a rule, there would be a great temptation to make an unfair selection of signatures. 2. Because the introduction of a large number of signatures would create a number of collateral issues, and thus tend to burthen the case with irrelevant questions and to embarrass the jury. (*Van Wyck* v. *McIntosh*, 14 N. Y., 439; Greenleaf's Ev., § 580.)

But, where the signature is made by the person whose signature is in controversy, in the presence of the court and jury *at the request of the adverse party*, or where such a signature is obtained on the cross-examination of the witness, the reasons for the application of the rule do not exist. The party asserting the forgery cannot, upon the trial, make his own signature, and then offer the signature so made in evidence for the purpose of comparison with the controverted signature for obvious reasons; (*King* v. *Donahoe*, 110 Mass., 155); but, if the opposite party chooses to take the risk, we think a signature thus made may be offered in evidence by the latter, for the purpose of comparing it with the signature in question. (Greenleaf's Ev. [13th ed.], § 581, note. Taylor on Ev., § 1669, and note; 1 Wharton on Ev., § 706; *Chandler* v. *Le Barron*, 45 Maine, 534; *Roe* v. *Roe*, 40 Superior Court Rep. [Jones &

Spencer], 1; *Hayes* v. *Adams*, 2 Sup. Court [T. & C.], 593; *Doe* v. *Wilson*, 10 Moore's Priv. Council Cases, 202.)

In the case of *Doe* v. *Wilson*, last cited, which was decided by the English Privy Council in 1857, the court, in its opinion, says : " Their lordships have no doubt that, if on trial at *nisi prius*, a witness denies his signature to a document produced in evidence, and, upon being desired to write his name, has done so in open court, such writing may be treated as evidence in the case and be submitted to a jury, who may compare it with the alleged signature to the document." (See, also, as bearing upon the question, *Birch* v. *Ridge*, 1 Foster & Finlason, 270 and note; *Cresswell* v. *Jackson*, 2 id., 24; *Cobbett* v. *Rilminster*, 4 id., 490 and note.)

We think the referee committed no error in allowing the signature to be introduced in evidence, under the circumstances in this case. The question of fact passed upon by the referee was upon conflicting evidence of the force and effect of which he was the judge, and his finding cannot be disturbed.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment affirmed.