Springer v. Hall.

---

SPRINGER, *Plaintiff in Error*, v. HALL.

1. **Evidence:** PROOF OF HANDWRITING.  An expert witness may be permitted to give his opinion concerning the genuineness of a writing by comparing it with other writings in the case admitted to be genuine, and in such case the two papers may be submitted to the jury and compared by them without the aid of experts.

2. ———— : ————.  An expert witness will not be allowed to give his opinion of the genuineness of a note sued on, by comparing it with the signature of the defendant to his plea of *non est factum*, where the witness has never seen the defendant write.

*Appeal from Jasper Circuit Court.*—HON. JOS. CRAVENS, Judge.

REVERSED.

*Ed. Buler* for plaintiff in error.

(1)  The general doctrine is that neither the court nor jury may determine the genuineness of a signature by comparing it with other handwriting of a party. *Moore v. United States,* 1 Otto 273; *Baker v. Harnes,* 6

Wharton (Pa.) 284; *Lodge v. Pipher*, 11 Serg. and Rawle 333; *People v. Spooner*, 1 Dennis 340; *Wilson v. Kirkland*, 5 Hill 182; *Rogers v. Ritter*, 12 Wallace 321; *State v. Scott*, 45 Mo. 304; *State v. Clinton*, 67 Mo. 380. (2) The testimony admitted in this case does not come within any of the exceptions recognized by the authorities. 1 Greenleaf Evidence (13 Ed.) sec. 581, and note 4 to page 627. (3) The Supreme Court of this state has never gone beyond the rule laid down in Greenleaf, *supra*, and has expressly declared that it is not disposed to extend its operation. *State v. Clinton*, 67 Mo. 385. (4) To warrant testimony from comparison of the signature in controversy with other signatures, admitted or proved to be genuine, the genuine signature must have been written before the controversy arose. 1 Greenleaf Evidence (13 Ed.) page 627, note 4, page 628, note 3; *King v. Donahue*, 110 Mass. 155; *Keath v. Lathrop*, 10 Cush. 453; *Stranger v. Searl*, 1 Esp. R. 14; 2 Taylor on Ev., sec. 1872; *King v. Donahue*, 110 Mass. 155.

*Joseph Cravens* for respondent.

The lower court did not err in permitting the witnesses to examine the genuine signature of the defendant to his affidavit, and compare it with the signature to the note and in submitting the genuine signature to the affidavit, and the one appended to the note, to the jury for their examination and comparison. 1 Greenleaf Ev., §§ 576, 581. When the signature used as a standard is found to be genuine, or established by the most satisfactory evidence, or by clear and undisputed proof, all the authorities agree that such standard and the disputed signature may be submitted to the jury for comparison. In this case the standard signature was appended to a pleading in the cause, sworn to by the defendant, the genuineness of which was not questioned. In this there was no error. *Eborn v. Zimpelman*, 5 Cen. Law Journal, p. 207 and authorities cited; *Moore v. U. S.*, 1 Otto 270.

EWING, C.—Suit on a negotiable note alleged to have been made by defendant to the order of S. D. Cox and by him endorsed to plaintiff. Answer *non est factum.* The defendant signed and swore to his answer. Plaintiff introduced the payee and endorser, Cox, as a witness who testified to the making and delivery of the note to him. Then read the note in evidence, and offered other evidence tending to show admissions of the defendant.

Defendant as a witness in his own behalf testified that he did not sign the note. Defendant then introduced one Napton as a witness who stated that he was engaged in an occupation requiring more or less acquaintance with and examination of the handwriting of different persons, but had never seen the defendant write and was not acquainted with his handwriting. Defendant then offered to exhibit to the witness the answer of defendant to which was attached the sworn signature of the defendant, to have the witness compare the signature to the affidavit and answer, with the signature to the note in controversy, and state as an expert whether the two signatures were made by the same person. The witness stated that they were not made by the same person, and that the note was not signed by the defendant. To this the plaintiff objected. The defendant then offered to submit the answer of the defendant bearing his sworn signature, and the note sued on to the jury that they might compare the signatures, with a view of forming an opinion of the genuineness of the signature to the note. This was permitted, against the objections of the plaintiff. There was a verdict and judgment for the defendant and the case is here for review.

I. The only questions for consideration are: 1st. Did the lower court err in permitting the witnesses to examine the genuine signature of the defendant to his affidavit, and compare it with the signature to the note? 2nd. Did the court err in submitting the genuine signature to the affidavit, and the one appended to the note, to the jury for their examination and comparison?

All evidence of the genuineness of handwriting, must in the nature of the thing be by comparison, except in cases where the witness saw the document written. The admissibility of some evidence of this kind is well-established. The knowledge of the handwriting of another may be derived from seeing him write; or from seeing letters and other documents purporting to be in the handwriting of the party, who afterwards acted upon them as his own, and adopted them in business transactions as genuine. 1 Greenl. Ev., sec. 577. But it has, also, been held that where other writings admitted to be genuine are already in the case, experts may be permitted to compare them with the instrument in question, and testify their opinion concerning the genuineness of the writing. And in such case also, the two writings may be submitted to the jury and compared by them with or without the aid of experts. 1 Greenl. Ev., sec. 578.

· In *Moore v. United States*, 1 Otto 270, it was said: "The only question of importance is whether the signature to the document    *    *    *    purporting to be executed by the claimant, was properly proved. The court compared it with his signature to another paper in evidence for other purposes in the cause, respecting which there seems to have been no question; and from that comparison, adjudged and found that the signature was his. Had the court a right to do this? The general rule of the common law, disallowing a comparison of handwriting as proof of signature, has exceptions equally as well settled as the rule itself. One of these exceptions is, that if a paper admitted to be in the handwriting of the party, or to have been subscribed by him, is in evidence for some other purpose in the cause, the signature or paper in question may be compared with it by the jury." To a similar effect is *Brobston v. Cahill*, 64 Ill. 356; *Baker v. Haines*, 6 Wharton 283.

˛The question discussed in *The State v. Clinton*, 67 Mo. 380, is somewhat different. There the inquiry was,

is it proper to allow experts in comparing handwriting to give their opinion as to the genuineness of a signature, by comparing it with other writings *proved to be genuine, but not connected with the cause.* This court in that case adopted the rule as laid down by Greenleaf as follows: "That such papers can be offered in evidence to the jury only when no collateral issue can be raised concerning them; which is only when the papers are either conceded to be genuine, or are such as the other party is estopped to deny; or are papers belonging to the witness who was himself previously acquainted with the party's handwriting, and who exhibits them in confirmation of his own testimony." 1 Greenl. Ev., § 581. See also *State v. Scott*, 45 Mo. 304.

II. But the trial court, in this case, goes further. It permits an expert to be called, who never saw the writer of the names write, and express his opinion as to the genuineness of the note sued on by comparing it with the signature of the defendant in his plea of *non est factum.* It seems that the authorities will not sustain this position. It is said the temptation to manufacture evidence is too great. "The knowledge must not have been acquired or communicated with a view to the specific occasion on which the proof is offered." Best on Ev., sec. 236. In *Stranger v. Searle*, 1 Esp. 14, Lord Kenyon rejected the evidence of a witness who stated that he had seen the defendant write his name several times before the trial, who wrote it to show the witness his true manner of writing, so that witness might be able to distinguish it from his alleged signature on the acceptance. The reason given was that the defendant might have disguised his writing intentionally. This seems to be the ground of rejecting such evidence and the full extent of the rule is as above stated by this court in 67 Mo. 380, and which, also, seems to be in harmony with all the better authorities. 1 Whar. on Ev., sec. 707; 91 U. S. *supra; King v. Donahue*, 110 Mass. 155; *Miles v. Loomis*, 75 N. Y. 288; *Brobston v.*

*Cahill,* 64 Ill. 356; *U. S. v. Chamberlain,* 12 Blackf. 390. The judgment below is, therefore, reversed and the case remanded. All concur.