## THE STATE v. REEVES, *Appellant.*

1. **Criminal Law:** INDICTMENT: MOTION TO QUASH. A motion to quash an indictment, although filed with the consent of the court, after the entry of a plea of not guilty, will not have the effect of withdrawing the plea.

2. ———— : FELONY : SEDUCTION. Seduction is made punishable by imprisonment in the penitentiary, by R. S. 1879, sec. 1259, and is, therefore, a felony, and the fact that it may be punished by a lighter punishment does not rob it of its felonious character ; and the statutory limitation of one year in which to begin prosecutions does not apply to this offense. (R. S. 1879, sec. 1705.)

3. ———— : SEDUCTION : CORROBORATION OF PROSECUTRIX : INSTRUCTION. In a prosecution for seduction, an instruction declaring that the fact of seduction may be found upon the uncorroborated testimony of the prosecutrix, but there must be evidence corroborating her as to the promise of marriage, but this may be supplied by circumstances proved in evidence, is erroneous, in that it ignores the plain statutory direction that " the evidence of the woman as to such promise must be corroborated to the same extent required of the principal witness in perjury." (R. S. sec. 1912). Such evidence must be strongly corroborative of the prosecutrix as to the promise of marriage, and something more than sufficient to overcome the oath of the accused and the legal presumption of his innocence.

4. ———— : ———— : INSTRUCTION. Such instruction is also faulty in not designating the circumstances which would supply support to the evidence of the prosecutrix to establish the promise of marriage, and in not defining what " corroborating " means.

5. ———— : ———— : ————. Where the defendant testifies that there was illicit intercourse, but no promise of marriage, he is entitled to an instruction upon his evidence, to the effect that if she willingly submitted without any promise from him to marry her, he cannot be convicted of the charge.

6. ——— : ———. To constitute the crime of seduction under the statute (R. S. 1879, sec. 1259) the female must first be "seduced"—that is, deceived and drawn, aside from the path of virtue, her affections gained and her mind polluted, and, second, she must be "debauched"—that is, carnally known.

7. ——— : ——— : INSTRUCTION. An instruction that if defendant promised the prosecutrix he would marry her if she would permit him to have sexual intercourse with her, and if she did so on the faith of that promise, etc., he is guilty of seduction, is erroneous, in that it ignores the necessary element of seduction, and permits a conviction upon proof alone that the female was "debauched" under promise of marriage.

8. ——— : ——— : EVIDENCE. Where the evidence is conflicting as to the material facts in a prosecution for seduction, which was not instituted for more than a year after the birth of the child resulting from the alleged intercourse, during which time the defendant married another woman, the prosecutrix should be required to answer the question whether or not the idea of prosecuting the defendant did not spring into being upon the marriage of the defendant, as tending to show the *animus* which prompted the prosecution.

*Appeal from Callaway Circuit Court.*—HON. G. II. BURCKHARTT, Judge.

REVERSED AND REMANDED.

*Crews & Thurmond* and *I. W. Boulware* for appellant.

(1) The defendant was tried without arraignment or plea. There being no plea, there was no issue. A plea is indispensable. A verdict rendered in the absence of any such plea cannot stand. *People v. Heller*, 2 Utah, 133 ; *State v. Agee*, 68 Mo. 264 ; *State v. West*, 84 Mo. 440 ; *State v. Montgomery*, 63 Mo. 296 ; *State v. Barnett*, 63 Mo. 300 ; *State v. Barnes*, 59 Mo. 154. (2) Under our practice in criminal cases, motions to quash and demurrers are without distinction. A plea of not guilty and a motion to quash are inconsistent and cannot stand together. *State v. Bishop*, 22 Mo. App.

435 ; *State v. Montgomery*, 63 Mo. 296 ; Stephen's Plead-
ings, (9 Am. Ed.) 278 ; *Chase v. State*, 46 Miss. 683 ; 2
Hale P. C., 255 ; Heard's Crim. Plead., 277 ; Hawk. P.
C., chap. 31.   (3) If defendant could be punished under
the law by imprisonment in the county jail, or by fine or
forfeiture, then this offense was not a "felony." R. S.
sec. 1676. If the offense is not a " felony," then prose-
cution must be begun in one year. A "felony" as
defined and construed by the statute (sec. 1676) "is any
offense for which the offender, on conviction, shall be
liable by law to be punished with death or imprison-
ment in the penitentiary and no other." (4) The evi-
dence is wholly insufficient to warrant, authorize or
support the verdict. *People v. Clark*, 33 Mich. 112 ;
*State v. Hill*, 91 Mo. 423-9 ; *State v. Wheeler*, 94 Mo.
252 ; *State v. Patterson*, 88 Mo. 88. The woman who, in
consideration of a promise of marriage, is debauched is
not seduced. 48 Ga. 664 ; *State v. Carter*, 93 Mo. 242 ;
*State v. Bergdorf*, 53 Mo. 65. (5) The court should
have instructed the jury what circumstances and facts
were necessary to be proven in corroboration of prosecu-
trix's testimony, to establish a promise of marriage.
R. S. 1879, sec. 1912 ; 1 Greenl. Ev., (6 Ed.) p. 332, sec.
257 ; *U. S. v. Wood*, 14 Peters, 440 ; *State v. Heed*, 57
Mo. 252 ; *State v. Hill*, 91 Mo. 423-429 ; 11 Jurist. 830 ;
Roscoe Crim. Ev. (7 Ed.) 834.

*B. G. Boone*, Attorney General, for the State.

(1) Appellant was properly arraigned. A re-arraign-
ment after the overruling of his motion to quash,
without the withdrawal of the plea of not guilty, did
not necessitate a re-arraignment. *State v. Sunday*, 14
Mo. 417 ; Arch Crim. Pl. 113. The motion to quash
was unseasonably filed. Such pleas, if made at all,
should be before the general plea of not guilty. 1 Bish.
Cr. Proc. (7 Ed.) sec. 762. This court has never favored
motions to quash. The sufficiency of an indictment

may be fairly tested by a demurrer or motion in arrest, and a defendant should generally be left to these pleas. *State v. Rector*, 11 Mo. 28 ; *State v. Conrad*, 21 Mo. 271 ; *State v. Bohannon*, 21 Mo. 491. In a recent case this court has said that the sufficiency of an indictment for a felony is properly tested by a demurrer or motion in arrest, and not by motion to quash ; that a trial court does not err in refusing to permit the plea of not guilty to be withdrawn that a motion to quash may be filed. *State v. Lichliter*, 95 Mo. 405. (2) Under the statute defining a felony, sec. 1676, R. S., any offense is a felony which shall be liable to be punished by imprisonment in the penitentiary. *State v. Weldon*, 70 Mo. 574 ; *State v. Green*, 66 Mo. 632-647 ; *State v. Johnston*, 7 Mo. 183 ; *State v. Ingram*, 7 Mo. 293. The offense with which defendant was charged was a felony (R. S. sec. 1259), and there is no merit in the complaint that it was barred by the statute of limitations. R. S. sec. 1705. (3) The question asked the prosecuting witness, as to whether she ever thought of defendant's having promised to marry her and of prosecuting him until she heard he was married to another, was properly excluded. It was immaterial, and constituted no defense to the charge ; witnesses are not permitted to give their thoughts or conclusions, but to state facts. 1 Greenl. Ev. sec. 440. (4) It was not sought or attempted to be shown on the trial that defendant was a married man at the time of the seduction.

SHERWOOD, J.—Indicted for the seducing and debauching, under the promise of marriage, Zerelda Hall, the defendant, put upon his trial, was found guilty, his punishment assessed at three years in the penitentiary ; judgment and sentence accordingly, and he appeals to this court. For the reversal of the judgment, numerous grounds are assigned, which are to be passed upon in this opinion.

I.   The motion to quash the indictment, though filed with the consent of the court, and after a plea of not guilty entered, but not withdrawn, did not have the effect of withdrawing that plea.   A motion to quash is in the nature of a demurrer; it certainly occupies no higher plane; and at common law, a defendant in a prosecution for a felony might, at one and the same time, enter his plea of not guilty to the indictment and his demurrer to the sufficiency thereof, and upon the indictment being held sufficient in law, he would be triable on his pending plea of not guilty, just as if no demurrer had been interposed.   And the like was true of a plea in bar or in abatement interposed at the same time with a plea of not guilty.   1 Chitty Crim. Law, 435, 440 ; 2 Hawk. ch. 23, sec.1281, ch. 3, sec. 6, and cas. cit.   But though this was true in cases of *felonies* the rule did not cover misdemeanors.   *Ib.*   This explains the view taken in *State v. Copeland*, 2 Swan, 626, and *Hill v. State*, 2 Yerg. 248, where the offenses charged were only misdemeanors.   These considerations rule the point raised against the defendant, and an eminent text-writer regards the doctrine here announced as the better one, holding as he does that a motion to quash is in order at any time down to the rendition of the verdict, and this without any withdrawal of pleas.   1 Bishop Cr. Proc. sec. 762.

II.   The crime charged in the indictment was, under the provisions of section 1259, R. S., a felony, because punishable by imprisonment in the penitentiary, and the fact that it might be punished by a lighter punishment does not rob it of its felonious attributes.   This is well settled. R. S. sec. 1676 ; *Johnston v. State*, 7 Mo. 183 ; *Ingram v. State*, 7 Mo. 293 ; *State v. Green*, 66 Mo. 632.   For these reasons the statute of limitations, section 1705, R. S., invoked by defendant does not apply here, and the prosecution was begun in time.

III. By our statute, it is made a crime for any person, "under promise of marriage," to "seduce and debauch any unmarried female of good repute," etc. R. S. sec. 1259. And section 1912, Revised Statutes, provides that in trials for this crime, the evidence of the woman, "as to such promise, must be corroborated to the same extent required of the principal witness in perjury." The statutes of no other state have such stringent provisions in regard to the *quantum* of evidence necessary to convict of the crime of seduction. Thus it will readily be seen that decisions of other states authorizing convictions for that offense possess but little worth in determining how to apply such a rigid statute as ours. Resort must therefore be had to decisions and authorities respecting the crime of *perjury*, and no corroboration falling short of that necessary to prove that offense will suffice in prosecutions like the present one ; for so the law is written.

And, though the strictness of the rule requiring two witnesses in order to convict of perjury has long since been relaxed, yet it is now uniformly held that the evidence offered in corroboration of the accusing witness must at least be strongly corroborative of such witness, and something more than sufficient to overcome the oath of the prisoner and the legal presumption of his innocence. PARKER, C. J., in *Queen v. Muscot*, 10 Mod. 192, quaintly and tersely expresses the rule by saying : "Therefore, to convict a man of perjury, a probable, a credible witness is not enough ; but it must be a strong and clear evidence, and more numerous than the evidence given for the defendant." See also, *State v. Heed*, 57 Mo. 252 ; 1 Greenlf. Ev. ( 14 Ed. ) sec. 25 6, and cas. cit. ; 2 Whart. Crim. Law, sec. 1319, and cas. cit.

Wharton, speaking of the offense of perjury, says : "The preponderance of contradictory proof must go to some one particular false statement." Whart. Crim. Evid., sec. 387, and cas. cit. In Iowa the statute

respecting the criminal offense of seduction declares that "the defendant cannot be convicted upon the testimony of the person injured unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense." In Minnesota, the language of the statute is, "but no conviction shall be had under the provisions of this section on the testimony of the female seduced, unsupported by other evidence."

The statute of New York is like that of Minnesota, and under that statute it has been ruled in the last mentioned state that the prosecutrix may be supported by "proof of circumstances which usually attend an engagement of marriage." *Armstrong v. People,* 70 N. Y. 38. Similar rulings have been made in the other states, the statutes of which have been quoted ; but it is too plain for argument that to give such a construction to our own statute on the subject would be contrary to its letter and at war with its obvious meaning. And, in respect to its meaning, it must be presumed to mean just what it says. R. S. sec. 3126.

These remarks are prefatory to the consideration of the second instruction given at the instance of the state as follows :

"The jury are instructed that they may find the fact of seduction upon the uncorroborated testimony of the prosecuting witness, but as to the promise of marriage, there must be evidence corroborating the prosecuting witness ; but this may be supplied by circumstances proven in evidence."

This instruction entirely ignores the plain statutory language that "*the evidence of the woman as to such promise must be corroborated to the same extent required of the principal witness in perjury.*" It is also faulty in other particulars : It does not designate the circumstances which would supply the necessary support to the story of the prosecutrix, nor does it define what corroborating means. In *State v. Chyo*

*Chiagk*, 92 Mo. 385, an instruction which told the jury that as to "*matters material to the issue*," the testimony of an accomplice must be corroborated, was held erroneous in that it failed to tell them what those words meant. A similar ruling was made, in *State v. Forsythe*, 89 Mo. 667, where an instruction used the words "*in a lawful manner*," but failed to define their meaning. The instruction, in consequence of its failure in these particulars, shed no light on the subject before the jury.

IV. The theory of the defendant was that there was illicit intercourse, but no promise of marriage, and his testimony supported that theory. He had the right, therefore, to have that theory presented to the jury ; this was done in the fourth instruction which he asked, declaring that : " If the jury believe from the testimony that defendant, in the year 1886, had carnal intercourse with Zerelda Hall, and that she willingly submitted to defendant, without any promise from defendant to marry her, the verdict of the jury should be for the defendant."

V. The language of the statute upon which the indictment in this case was found, as before stated, is this : "If any person shall, under promise of marriage, seduce and debauch any unmarried female of good repute," etc. R. S., sec. 1259. Though in common parlance, the crime made punishable by the foregoing statute is simply termed *seduction*, yet each of the words "*seduce*" and "*debauch*" has its appropriate meaning, and this, under the familiar rule which presumes that the legislature, in drafting a statute, employ no superfluous words, or words without a purpose. There are two steps necessary to be taken in order to consummate the crime under discussion : First, the female must be *seduced*, that is, corrupted, deceived, drawn aside from the path of virtue which she was pursuing ; her affections must be gained, her mind and thoughts polluted, and second, in order to complete the

offense, she must be *debauched*, that is, she must be carnally known, before the guilty agent becomes amenable to human laws. Thus it will be seen that a female may be *seduced* without being *debauched*, or *debauched* without being *seduced*. If Joseph Andrews had yielded to the salacious solicitations of Lady Booby, as she lay naked in her bed, he would have been guilty of debauching her person, but certainly not of corrupting her mind. A similar view of the proper construction to be given to a statute substantially identical with our own, was taken in Pennsylvania, and cited with approval in *State v. Patterson*, 88 Mo. 88.

These remarks are made in order to the consideration of the fifth instruction given at the instance of the state as follows :

"5. If the jury believe beyond a reasonable doubt that the defendant, at the county of Callaway, Missouri, and within three years of the finding of the indictment, promised Zerelda Hall to marry her if she would permit him to have sexual intercourse with her, and if she did so on the faith of that promise, and she was at the time under the age of twenty-one years and unmarried and of good repute, they will find defendant guilty and assess his punishment at not less than two nor more than five years imprisonment in the penitentiary, or by a fine of not exceeding one thousand dollars and by imprisonment in the county jail not exceeding one year."

The vice of that instruction consists in not requiring the female in question to be "*seduced;*" to be drawn aside from the path of virtue, but simply that if without any such arts and wiles ·as are calculated to operate upon a virtuous female and to lead her astray, the defendant made to the prosecutrix a *plain business offer* that he would "marry her if she would permit him to have sexual intercourse with her, and if she did so on the faith of that promise," that then he

was guilty. No one can, with any degree of plausibility, contend that a virtuous female could be seduced without any of those arts, wiles and blandishments, so necessary to win the hearts of the weaker sex. To say that such a one was seduced by simply a blunt offer of wedlock *in futuro*, in exchange for sexual favors *in praesenti*, is an announcement that *smacks too much of bargain and barter, and not enough of betrayal. This is hire, or salary, not seduction.* Any construction of the statute which would sanction the fifth instruction aforesaid would strike from the statute the word "*seduce*," and render any one guilty of a felony, who should, under promise of marriage, "*debauch*" any unmarried female.

VI. There were many circumstances connected with the trial of this cause which rendered the testimony of the prosecuting witness open to very jealous observation. The trial occurred on the twenty-sixth of November, 1888, the indictment having been found but two days previously, and the complaint was made about that time. According to her testimony the first congress between defendant and herself occurred in December, 1886 (but what time in that month she does not state), and the result of their illicit interviews was a child fifteen months old at the date of trial. This would prove the child to have been born on the twenty-fifth of August, 1887; but the usual period of gestation, 276 to 280 days, would, according to the books, throw the date of conception into *November*, 1886. 2 Whart. & Stille Med. Jur., secs. 41, 55. But she would not designate *what time* in *December* the first amorous encounter took place; if on the fifteenth day of December, this would give but 254 days between conception and birth, even if conception took place *eo instanti.* If on the first day of December, but 269 days, and there is no pretense that the child was not fully mature when born. Granting, however, that she was in error as to the time when the

initiatory step was taken, when the proceedings *in limine* were had, still it taxes credulity to a great extent to believe that she would continue to believe that the defendant intended to marry her over a year after her child was born, and therefore kept silent upon the subject of the supposed wrong done her.

The foregoing remarks are only made in order to show the caution with which this cause should have been tried, considering the peculiar circumstances which surrounded it, and the great length of time which intervened between the alleged criminal act done and its prosecution begun. Full opportunity, therefore, should have been afforded to sift the witness and to test and ascertain her *animus* and the-motives which prompted her, after so long a time had elapsed, to institute the present prosecution. For this reason, she should have been required to answer the question whether the idea of prosecuting the defendant did not spring into being upon his marriage to another. It is always allowable to ask similar questions in order for the jury to understand, and understand fully the attitude of the witness, and especially of a prosecuting witness towards the accused. *State v. Cooper*, 83 Mo. 693; 1 Whart. Ev., sec. 408, pp. 544, 545, 547, 549, 561; 1 Greenlf. Ev., sec. 450.

Because of the errors aforesaid, the judgment should be reversed and the cause remanded. BRACE, J., concurs; RAY, C. J., and BARCLAY, J., in the result; BLACK, J., dissents.