STATE OF MISSOURI, Respondent, v. LOUISE ZIM-
MERMAN, Appellant.

**Springfield Court of Appeals, December 6, 1909.**

**MISDEMEANOR: Motion to Quash: Second Arraignment Not
Required.** In a misdemeanor case the filing of a motion to
quash the information after a plea has been entered does not
have the effect of withdrawing the plea nor necessitate a sec-
ond arraignment after the motion to quash is overruled. [Fol-
lowing the holding of Supreme Court as to felonies.]

Appeal from Newton Circuit Court.—*Hon. F. C.
Johnston,* Judge.

AFFIRMED.

*D. W. Roper* and *R. M. Sheppard* for appellant.

The filing of the motion to quash the information
had the effect of withdrawing the plea of not guilty,
the defendant was, therefore, tried without arraignment
or plea, there being no plea, there was no issue, and
the verdict rendered in the absence of such plea cannot
stand. State v. Reeves, 97 Mo. 672; State v. Copeland,
2 Swan 626; Hill v. State, 3 Yerg. 248.

*Thomas M. Saxton,* Prosecuting Attorney, for re-
spondent.

COX, J.—Information filed by prosecuting attor-
ney, charging defendant with a violation of the Local
Option Law. Plea of not guilty entered, and after enter-
ing this plea, a motion to quash the information was
filed by the defendant, alleging as grounds therefor,
that the local option law is unconstitutional. This mo-
tion was overruled, and the case then proceeded to trial,
resulting in a conviction and fine of three hundred dol-
lars. Defendant was granted an appeal to the Supreme

Court, because the constitutionality of the Local Option Law was challenged. The Supreme Court refused to take jurisdiction, and transferred the cause to the St. Louis Court of Appeals from whence it has reached this court for determination. The sole question presented by the record here is whether or not the court erred in putting defendant upon trial without the formality of a second arraignment after overruling the motion to quash. It was held by the Supreme Court in State v. Reeves, 97 Mo. 672, and State v. Gieseke, 209 Mo. 1. c. 340, that in felony cases a demurrer or motion to quash filed after plea did not have the effect to withdraw the plea, and upon demurrer or motion to quash being overruled the defendant was then triable without another arraignment. The Saint Louis Court of Appeals held in the case of State v. Meagher, 49 Mo. App. 571, that the same rule should apply to misdemeanors. Judge THOMPSON who delivered the opinion of the court in that case, in commenting upon the Reeves case, supra, said, "While it is stated, *arguendo,* in that case that the rule as to felonies in this respect did not cover misdemeanors— and such upon the authorities cited was the common law—yet it being the evident policy of our code of criminal procedure to assimilate the rules of procedure and make them uniform in all cases, whether of felony or misdemeanor, as far as practicable, and it being its policy, moreover, that persons who are guilty of public offenses shall not escape punishment upon bare technicalities, which have no relation whatever to the merits of their prosecution or defense, we have no difficulty in overruling this assignment of error."

We heartily concur in the reasoning of Judge THOMPSON in that case. Judgement affirmed. All concur.