## THE STATE v. CHARLES B. HOWARD, Appellant.

Division Two, March 30, 1915.

1. **SEDUCTION: Unchastity.** In a prosecution for seduction the prior unchastity of the prosecutrix may be shown as a defense to the charge. The seduction statute in this respect is different from the statute prohibiting the defilement of a female ward, which does not require her to be chaste or even of good repute.

2. ———: **Definition of Seduce.** To seduce means to induce to surrender chastity. Chastity must exist before it can be surrendered or destroyed. There may be a pollution of the mind without seduction, but under the statute (Sec. 4478, R. S. 1909) there can be no seduction without illegal sexual intercourse.

3. ———: **Good Repute: Burden.** The words "of good repute" used in the seduction statute cast upon the State the burden of proving that a prosecutrix at the time of her seduction possessed a good reputation for chastity among those by whom she was known; for the statute restricts its protecting influence to females "of good repute."

4. ———: **Venue: First Copulation.** Prosecutrix is rendered unchaste by the first act of sexual intercourse, and where the first act took place in St. Louis County a subsequent act com-

mitted in St. Louis City about a week later, with the same defendant, under the same promise of marriage, did not amount to seduction; and, therefore, the prosecution for seduction was improperly instituted in St. Louis City, but should have been instituted in St. Louis County, where the first act of coition was committed and prosecutrix surrendered her chastity.

5. ————: **Promise of Marriage: Consideration for Defilement.** The promise of marriage must precede the seduction and must be unconditional; but it is not the law that, if a promise of marriage immediately preceded the act of sexual intercourse and was the sole consideration which moved the prosecutrix to submit to the destruction of her chastity, there was no seduction. If the situation of the parties is such as to render it probable that the promise of marriage would be made, nothing else than the promise on the part of the defendant is necessary to constitute the inducement whereby the prosecutrix surrenders her chastity. The date when the marriage shall take place need not be agreed upon. The yielding of the prosecutrix constitutes her acceptance of defendant's promise of marriage. The statute ordains that when an unmarried female, under twenty-one years of age and of good repute, is induced to surrender her chastity to an eligible suitor by such promise, the crime of seduction is complete; and the courts cannot write any other requirement into it. [Holding as unsound the ruling of SHERWOOD, J., in State v. Reeves, 97 Mo. l. c. 677.]

6. ————: **Corroboration of Prosecutrix: Age and Repute.** The testimony of the prosecutrix as to the promise of marriage should be corroborated in a seduction case; and there should be evidence of her age and good repute.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

REVERSED AND REMANDED.

*Hans Wulff* and *John A. Porter* for appellant.

(1) The court erred in refusing to give the peremptory instruction offered by the defendant at the close of the State's case. The evidence offered by the State placed the commission of the alleged offense in the county of St. Louis. The indictment was found by the grand jury of the city of St. Louis and trial had in said city. The court did not have jurisdiction

of the case. Constitution, art. 2, sec. 12; State v. Blunt, 110 Mo. 322. The testimony of the prosecuting witness that she had intercourse with defendant at Mrs. Free's house, two or three months after the alleged seduction and promise of marriage, which, according to her testimony, took place in St. Louis county, does not give the court jurisdiction, and is insufficient to prove venue. The alleged offense had been consummated three months prior to that time and in another jurisdiction. (2) (a) The evidence in this case fails to show that the prosecuting witness relied on the alleged promises of defendant to marry her. What she did rely upon was a conditional promise that if prosecuting witness got into trouble defendant would marry her. State v. Thomas, 231 Mo. 41. (b) The consent of prosecuting witness to the alleged intercourse between her and defendant at Mr. Free's house, three months after their meeting in University City and on which incident the State relies for the proof of the venue in this case was given—''Because I loved him''—and such consent was not predicated on any promise, conditional or otherwise. (c) As to promise of marriage in a seduction case, the prosecutrix must be strongly corroborated by other testimony sufficient to overcome the oath of the defendant and the legal presumption of his innocence. State v. Marshall, 137 Mo. 463. (3) (a) There was no competent or credible evidence that the prosecutrix was at the time of the alleged seduction under the age of twenty-one. Her statement as to her age was a mere conclusion. The mother of prosecutrix was living at the time of the trial and she could have been produced to testify as to the age of prosecutrix. The evidence of the mother would have been the best evidence and the testimony of prosecutrix as to her age should have been excluded. State v. Coujot, 121 Mo. 463. (b) The alleged family record of births was improperly admitted as by the evidence it was not shown to be the record of the King family, or the record

of the birth of prosecutrix. There was no evidence to show by whom or when it was made. There was no evidence to show that it was made by one of the King family, or by one having knowledge of the respective births or deaths in said family.

*John T. Barker,* Attorney-General, and *Lee B. Ewing,* Assistant Attorney-General, for the State.

(1) The circuit court of the city of St. Louis had jurisdiction of this offense. The venue was in St. Louis city. State v. McClain, 137 Mo. 307. (2) The court properly overruled appellant's demurrer to testimony at the close of the State's case, and also at the close of all the evidence. State v. Eckler, 106 Mo. 585; State v. Thornton, 108 Mo. 640; State v. Thomas, 231 Mo. 46; Kengon v. People, 26 N. Y. 203; Boyce v. People, 55 N. Y. 644; People v. Van Alstyne, 144 N ˙. 361; Callahan v. State, 63 Ind. 198; People v. Kehoe, 123 Cal. 224; People v. Millspaugh, 11 Mich. 282; People v. DeFore, 64 Mich. 693; State v. Abrich, 41 Minn. 41; Polk v. State, 40 Ark. 482; State v. Raynor, 145 N. C. 472; State v. Atterberry, 59 Kan. 237; State v. Adams, 25 Ore. 172; Bishop's Statutory Crimes, sec. 638; 3 Wharton's Crim. Law (11 Ed.), sec. 2105; Desty's Criminal Law, sec. 135A; McClain's Crim. Law, sec. 1112; Clark & Marshall's Criminal Law (2 Ed.), p. 710; Hughes, Crim. Law & Procedure, sec. 2120, p. 543; 35 Cyc. 1336 and 1334; 25 Am. & Eng. Ency. Law (2 Ed.), 230.

BROWN, J.—The grand jury of the city of St. Louis returned an indictment charging defendant with having seduced and debauched, under promise of marriage, one Lundy King, an unmarried female, as prohibited by section 4478, Revised Statutes 1909. A trial in the circuit court of said city resulted in defendant's conviction and he appeals.

Among the grounds upon which a reversal is sought is the contention that the evidence is not sufficient to support the conviction—a part of this assignment is the insistence that, if guilty at all, the crime was committed in St. Louis county, and not in St. Louis city, where defendant was indicted and convicted.

The testimony of prosecutrix tends to prove that she became acquainted with defendant in July, 1911; that he called on her at intervals of two or three weeks until the latter part of January, 1912; when, on one Saturday night in the city of St. Louis, he offered to marry her if she would have sexual intercourse with him. She states that she rejected this proposal at that time, but on the following evening she accompanied defendant to a point in St. Louis county where he had been engaged in building a house. Upon entering this house his proposal of marriage was renewed, and, relying upon that proposal, and the one made the night before in St. Louis city, she yielded to defendant.

About a week later defendant called on her in the city of St. Louis and, because (as she says) she loved him and thought he intended to marry her, she again allowed him to have sexual intercourse with her. No time was fixed for the proposed marriage, but the illicit intercourse continued some months, prosecutrix finally becoming pregnant. Prosecutrix testified that she had never sustained sexual relations with any person prior to the time she yielded to defendant.

I. On this showing, if it be conceded that prosecutrix was seduced by defendant, the issue arises as to where that crime was committed? Did each act of sexual intercourse constitute a separate seduction, or was the crime committed only in St. Louis county where the first act of copulation took place? This issue depends for its solution upon a correct construction of the words "seduce or debauch,"

Seduce.

as found in section 4478, supra.   The learned Attorney-General relies for affirmance in part upon the case of State v. McClain, 137 Mo. 307, wherein it was held that a man who had sexual intercourse with his female ward in two different counties while she was under his care and protection could be prosecuted in the county where the second act of illicit sexual intercourse took place.   That case is not in point here, because the statute denouncing the defilement of wards (Sec. 4479, R. S. 1909) is quite unlike the seduction statute now under consideration.

The statute prohibiting the defilement of wards does not require the ward to be chaste, or even to be of good repute, to render the guardian or other person to whose protection she has been confided guilty, if he carnally know her.   The well-settled rule is that the unchastity of a female under eighteen years of age is no defense to a prosecution for her defilement by her guardian, or other person to whose care she has been confided.   [State v. Strattman, 100 Mo. 540; State v. Summer, 143 Mo. 220, l. c. 231; State v. Nibarger, 255 Mo. 289.]   Such is not the construction of the seduction statute where prior unchastity of the prosecutrix may be shown as a defense to the charge.   [State v. Long, 257 Mo. l. c. 225, and cases there cited.]

The law books contain many definitions of the word "seduce," which, no doubt, arise from the varying phraseology of the statutes of the several States where that act is denounced as a crime.   A very clear definition of the word is found in State v. Long, 238 Mo. 383, l. c. 390.   As used in section 4478, Revised Statutes 1909, "seduce" is not a technical word, and should be construed in its "plain or ordinary and usual sense."   [Sec. 8057, R. S. 1909.]   No better definition of the word seduce can be given than that found in Webster's New International Dictionary, to-wit: "To induce to surrender chastity."   It is too plain to admit of controversy that chastity must exist before it

can be surrendered or destroyed. There may be a pollution of the mind without seduction, but there can be no seduction under section 4478, supra, without sexual intercourse. The word "debauch" as used in that statute has been construed to mean sexual intercourse or carnal knowledge. [State v. Reeves, 97 Mo. 668; State v. Marshall, 137 Mo. l. c. 468 and 473.] That definition seems to be correct, but as the word seduce necessarily includes the act of illegal sexual intercourse, it is doubtful if the word debauch adds anything to the meaning of this statute.

The words "of good repute" as used in our seduction statute cast upon the State the burden of proving that a prosecutrix at the time of her seduction possessed a good reputation for chastity among those by whom she is known. It seems to have been the purpose of this statute to restrict its protecting influence to females "of good repute."

It being perfectly clear that the crime of seduction cannot be committed upon a female who is not at the time chaste, and as prosecutrix was rendered unchaste by the act of coition which she admits first took place in St. Louis county, the subsequent act committed in St. Louis city about one week thereafter did not amount to seduction. We do not wish to be understood as holding that a woman once seduced cannot thereafter reform and reenter upon such a life of chastity and rectitude that she will again be under the protection of the seduction statute. The law on this point is quite fully discussed in State v. Knutson, 91 Iowa, 549, and People v. Clark, 33 Mich. l. c. 117, but there is no such issue in this case.

While our seduction statute is very unlike section 4479, supra, relating to the defilement of wards, it is very similar in one respect to section 4472, Revised Statutes 1909, relating to the carnal knowledge of unmarried females of previous chaste character, in that both of these statutes require the female to be chaste

at the time the crime is committed. [State v. McMahon, 234 Mo. 1. c. 614; State v. Schenk, 238 Mo. 429, 1. c. 457; State v. Henderson, 243 Mo. 503.]

II. Under the provisions of section 22, article 2, Constitution of Missouri, indictments for crimes must be presented in the county where the crime is com-

**Venue.** mitted. [Ex parte Slater, *alias* Lane, 72 Mo. 102; State v. Anderson, 191 Mo. 134, 1. c. 142; State v. Mispagel, 207 Mo. 557, 1. c. 584.] Therefore, this prosecution was improperly instituted in St. Louis city.

III. Defendant also insists that the trial court should have sustained his demurrer to the evidence, because no sufficient promise of marriage

**Demurrer to Evidence.** was proven by the evidence of prosecutrix; and as the State may elect to place the defendant upon trial in St. Louis county we will consider this insistence.

In the case of State v. Reeves, 97 Mo. 668, 1. c. 677, it was ruled by Judge Sherwood that if a promise of marriage immediately preceded an act of sexual intercourse, and was the sole consideration which moved the prosecutrix to submit to the destruction of her chas-. tity, then there was no seduction. That case seems to proceed upon the theory that there must be some further inducement held out to the prosecutrix, otherwise she would be merely selling her chastity for a promise and the crime would not be complete. We do not believe this doctrine announced by Judge Sherwood in the Reeves case, supra, is sound. None of his associates concurred in the language used by him in that opinion, and it possesses no binding force as a precedent.

It is true the promise of marriage must precede the seduction and must be unconditional. [State v. Thomas, 231 Mo. 41.] If an alleged promise of marriage was not preceded by any courtship or other per-

sonal association of the parties, it is doubtful if any-one could bring himself to believe that such a promise had been made. But if the situation of the parties is such as to render it probable that the promise of marriage would be made, there is nothing else than the promise necessary on the part of the defendant to constitute the inducement whereby prosecutrix surrenders her chastity. The date when the marriage shall take place need not be agreed upon. The yielding of the prosecutrix constitutes her acceptance of defendant's promise of marriage. In State v. Adams, 25 Ore. 172, this rule is correctly announced as follows:

"It is not necessary that the promise should be technically valid to sustain a civil action for breach of promise; and, although it may be conditioned upon immediate intercourse, thus rendering it void in a civil proceeding because founded upon an immoral consideration, it is still held sufficient to sustain a criminal prosecution if the woman in good faith relied upon it and was thereby deceived." (Citing cases) "In such case, the mutual promise of the woman is implied from her yielding to the solicitations of her seducer under his promise of marriage, and the promise becomes absolute."

The General Assembly, no doubt realizing what a powerful effect an offer of marriage by an eligible suitor produces upon the mind of an unmarried female, has ordained that when such female under twenty-one years of age and of good repute is induced to surrender her chastity by such promise the crime of seduction is complete. The statute so reads and we cannot write any other requirement into it.

The evidence of prosecutrix makes out a prima-facie case of seduction in St. Louis county, except as to the corroboration of the promise of marriage required by section 5235, Revised Statutes 1909, and the evidence of her age and good repute at the time the

alleged seduction took place. Upon another trial (should the State elect to retry) the evidence to corroborate the prosecutrix as to the alleged promise of marriage and of her age and good repute may not be the same as at the first trial; therefore, we make no comment as to the sufficiency of the evidence upon these points. We merely pass upon the sufficiency of the evidence of prosecutrix as to her version of the promise made and the acts done by defendant in ruling that a prima-facie case was made for the jury if the prosecution had been in the proper jurisdiction.

For the error of the prosecutor in causing an indictment to be presented in the county where the crime was not committed, the judgment will be reversed and the cause remanded.

*Faris, P. J.,* and *Walker, J.,* concur.