JOHNSTON v. THE STATE.

SEPT'R TERM,
1841.

Under our statute, a felony is an offence for which a party, on conviction, *may* be imprisoned in the penitentiary, and not where, on conviction, he *must* be so imprisoned.

Johnston
v.
The State.

Appeal from the Circuit Court of Benton county.

*Winston for Appellant.*

1st. As the indictment against the defendant was for a felony, it was error to give a judgment against him for a misdemeanor.

2d. There was error in permitting evidence of two assaults to be given to the jury, when the defendant was only charged with one.

*Opinion of the Court by Napton, Judge.*

The appellant was indicted by the grand jury of Benton county, for a felonious assault. The indictment was framed under the 35th section of the second article of the act concerning crimes and punishments. The jury found the defendant guilty, and assessed as his punishment a fine of fifty dollars, and twenty-seven days imprisonment in the county jail.

It appears from the bill of exceptions, that the appellant had an altercation with one Hughes, and struck the said Hughes with a stick of timber, and a fight ensued between the said appellant and Hughes, during which several blows on the head were inflicted by Johnston with the stick aforesaid. After the parties were separated, it was further proved by the prosecutor, that Johnston immediately seized an axe, and attempted to strike Hughes, but was prevented. This last testimony was objected to by defendant. Motions for a new trial and in arrest of judgment were made, but over-ruled by the court.

The error assigned in this court is, that the indictment was for a felony, and the judgment against appellant was for a misdemeanor. This is a mistake originating, I suppose, Under our statute, a felony is an of-

SEPT'R TERM,
1841.

Johnston
v.
The State.

fence for
which a party
on conviction,
may be impri-
soned in the
Penitentiary,
and not where
on conviction,
he *must* be so
imprisoned

in a misunderstanding of the definition of the word felony by our statute. A felony under our act, is an offence for which the party *may* be imprisoned in the penitentiary. The legislature have wisely left it to the discretion of the jury, in many offences to inflict the punishment of imprisonment in the penitentiary, or fine and imprisonment in a county jail ; and the offence charged in this indictment is one of them. Though this discretion is given to the juries, they are still felonies.

The circuit court committed no error in permitting the witnesses to describe the whole altercation between appellant and Hughes. The bill of exceptions shows clearly that when the combatants were separated, the appellant *immediately* raised an axe at Hughes. It was a continuous transaction, and as such, the whole of it properly went to the jury. Judgment affirmed.