INGRAM v. THE STATE.

APRIL TERM,
1842.

1. The decision of this court in Johnson v. The State. (7. Mo. R. 183,) cited and approved.
2. This court will presume that the circuit court decided correctly, unless the *contrary* appears from the facts and proceedings preserved in the bill of exceptions.

Ingram
v.
The State.

Appeal from the Circuit Court of Benton county.

WILSON & WINSTON for Appellant.

*Opinion of the Court, delivered by Tompkins, Judge.*

Ingraham was indicted, and the indictment charges that he wilfully and feloniously did make an assault upon the body of one Lewis Johnson, and did wilfully and feloniously beat, bruise, wound, disfigure, and greatly injure the said Lewis Johnson, &c. The jury found Ingraham guilty in manner and form as charged in the indictment, and assessed against him a fine of forty dollars.

The appellant moved for a new trial, First, because the verdict was contrary to evidence; Second, because the jury has in its verdict assessed the penalty of a misdemeanor, when the indictment alleges only a felony. On the second reason for a new trial it may be observed that at the last term of this court in this district, a similar objection was made against the indictment found against Johnson, and the court then decided that the indictment was good.

A felony under our statute is an offence for which one may be imprisoned in the penitentiary. The offence for which the appellant is now indicted is one that may be punished either by imprisonment in the penitentiary, or fine and imprisonment in the county jail, or by fine alone. See page 184 of the 7th volume of Missouri Decisions.

The decision of this court in Johnson v. The State. (7. Mo. R. 183,) cited and approved.

The evidence in the bill of exceptions shows that Josiah Ingraham, a brother of the appellant, on the day this act for which the appellant was indicted was charged to have been committed, frequently abused Lewis Johnson, and challenged him to fight; that the appellant advanced towards Josiah Ingraham and Lewis Johnson, who were engaged fighting,

APRIL TERM.
1842.

Ingram
v.
The State.

seized the arm of Johnson, and held it while Josiah Ingra- graham bit the finger of Johnson. This finger was after- wards amputated ; and in the opinion of the surgeon who performed the operation, the necessity for amputation was produced by the act of biting. It was further proved that before the parties had closed with each other, William Ingra- ham had reproved his brother Josiah for his improper beha- vior towards Johnson, and after they were engaged, he had called on the bystanders to aid in parting the combatants.

No instructions are saved in the bill of exceptions, and we are bound to presume that if the circuit court gave any, that they were correctly and properly given. Indeed, if

This court will presume that the cir- cuit court de- cided correct- ly, unless the contrary ap- pears from the facts and pro- ceedings pre- served in the bill of excep- tions.

we may be allowed to look into the clerk's history of the case, we find one asked and given for the State, and one for the defendant, and no exception charged by the clerk to have been taken by either. The defendant also moved for a new trial on account of newly discovered evidence, which, from his own statement on the bill of exceptions, appears to have been given to the jury that tried the cause. This being the state of facts, the judgment of the circuit court ought in my opinion to be affirmed, and such being the opinion of the other judges, it is affirmed.