### H. S. Sisk *v.* The State.

Appeal. — If a defendant be found guilty of an offence punishable by the penitentiary or by fine, and the jury assess his punishment at a fine, the conviction is not for felony, but for misdemeanor, and he is entitled to an appeal on recognizance. (White, P. J., dissenting.)

Appeal from the District Court of Parker. Tried below before the Hon. A. J. Hood.

Everything relevant to the ruling will be found in the opinion of the court and the dissenting opinion of the presiding judge.

*Thomas Ball*, Assistant Attorney-General, moved to dismiss the appeal.

No counsel for the appellant.

Clark, J. The appellant was indicted for theft of neat cattle, to wit, of a cow of the value of $6. The verdict was: "We, the jury, find the defendant guilty, and assess the fine at four hundred and ninety-seven and $\frac{50}{100}$ dollars ($497 $\frac{50}{100}$)." The recitals of the judgment subsequent thereto are: "It is therefore by the court considered and adjudged that the defendant be, and he is hereby adjudged guilty of theft, as found by the jury," etc. His motions for new trial and in arrest of judgment having been overruled, the defendant gave notice of appeal, and entered into a recognizance, which recites that he was charged with the

offence of theft of cattle, and that he had been convicted of said offence, and fined in the sum of $497.50.

A motion to dismiss the appeal is now submitted by the assistant attorney-general, upon the ground that the recognizance shows that appellant was charged with and convicted of a felony, and that no appeal can be prosecuted by entering into a recognizance, when the latter shows upon its face that the conviction was of a felony. The general proposition that a recognizance must disclose a conviction for a misdemeanor is undoubtedly correct, but this is qualified by an express provision of law that the recognizance must state the exact offence of which the defendant was convicted. Code Cr. Proc., art. 852; *Smalley* v. *The State*, 3 Texas Ct. App. 202. The offence is classified as a felony or a misdemeanor, not altogether by the name affixed, but by the penalty found. If the punishment assessed is confinement in the penitentiary for any length of time, then the conviction is of a felony. If a pecuniary fine is imposed, or a term of imprisonment in the county jail, then, under the law, the defendant has been convicted of a misdemeanor, and has the right to prosecute an appeal without subjecting himself to incarceration pending its determination.

It is true, our Penal Code provides that " every offence which is punishable by death or by imprisonment in the penitentiary, either absolutely or as an alternative, is a felony; every other offence is a misdemeanor." Art. 54. But this must be held as an abstract, general classification of offences, and not of controlling or paramount significance in the solution of the question under consideration. The law very properly classes as a felony, in the abstract, any offence to which is affixed as a punishment imprisonment in the penitentiary, or, in the alternative, a pecuniary fine, or imprisonment in the county jail; because, when a person charged with such an offence is brought to trial, rights important to him upon such trial are to be deter-

mined according to the fact whether he is charged with a felony or a misdemeanor. The number of challenges allowed him by law, the right to have the jury charged in writing as to the law applicable to the case, the right to be heard by at least two counsel in argument, and even the jurisdiction of the tribunal which is to pass upon his guilt or innocence, with other rights which need not be enumerated, are determined by the fact whether he is charged with a felony or a misdemeanor. And a manifest purpose of the Code, in the article quoted, was to prevent the deprivation of any of these rights upon a false theory that the defendant was not entitled to them, or any of them, because he might be convicted of only a misdemeanor. It fixes the *status* of such offences, pending the trial, as felonies ; but such characteristic cannot continue after a trial has been had and the defendant has been convicted only of a misdemeanor. It cannot be said that the appeal, then, is in a case of felony, because the jury have altogether ignored the felonious punishment, and by their verdict have stamped the offence with the impress of a misdemeanor.

The conviction in this case was evidently based upon art. 749 of the Penal Code, which reads as follows : " If any person shall wilfully take into possession, and drive, use, or remove from its accustomed range, any live stock not his own, without the consent of the owner, and with intent to defraud the owner thereof, he shall be deemed guilty of theft, and on conviction shall be confined in the penitentiary not less than two nor more than five years, or be fined in a sum not to exceed $1,000, or by both such imprisonment and fine, at the discretion of the jury trying the case."

Under the views herein expressed, the defendant has been convicted of a misdemeanor, and has the right to prosecute appeal from such conviction by entering into a recognizance. The mere fact that the verdict found the defendant guilty generally, without specifying that it was for a misdemeanor,

Dissenting opinion.

cannot invalidate this right; for the punishment affixed settles the *status* of the offence of which the defendant has been convicted, and not the original charge which the law has classed generally as a felony.

The motion of the assistant attorney-general to dismiss the appeal is overruled.

*Motion to dismiss overruled.*

Wʜɪᴛᴇ, P. J., dissenting. I regret that I cannot concur in the opinion of the court, just read, with reference to the disposition to be made of the motion of the assistant attorney-general in this case. In the view I take of the law, the motion should be sustained and the appeal dismissed. The indictment charged the theft of a cow; the verdict found the defendant guilty, and assessed a fine of $497.50, and judgment was rendered in accordance therewith. The question is, whether appellant has been found guilty of a felony or of a misdemeanor. If of a felony, then the law is, that " when the defendant appeals in any case of felony, he shall be committed to jail until the decision of the Court of Appeals can be made and received." Code Cr. Proc., art. 841. It is only in cases of misdemeanor that a defendant is permitted to appeal on recognizance. Code Cr. Proc., arts. 851, 852. There can be no doubt but that defendant was charged with a felony. Now, does the simple fact that the punishment imposed is a pecuniary fine change the character of the crime committed, and make it, *per se*, a misdemeanor. To determine this question we must look to the statutes upon the subject. Those with reference to theft of cattle are found in the Penal Code, chap. 11, arts. 747, 749, and they read as follows : —

" Art. 747. If any person shall steal any cattle, he shall be punished by confinement in the penitentiary not less than two nor more than five years."

" Art. 749. If any person shall wilfully take into possession, and drive, use, or remove from its accustomed range, any live stock not his own, without the consent of the

owner, and with intent to defraud the owner thereof, *he shall be deemed guilty of theft,* and, on conviction, *shall be confined in the penitentiary* not less than two nor more than five years, *or be fined in a sum not to exceed $1,000,* or by both such imprisonment and fine, at the discretion of the jury trying the case."

Under an ordinary indictment for theft of cattle a party is, if the circumstances warrant, entitled to have both these statutes given in charge, and the jury may assess the punishment under the latter. Such is the case we are considering. The judge gave in charge the general definition of theft, and the two articles quoted, as applicable to the facts proven, and did not charge upon any lesser grade of offence. It is to be noted that the punishment assessed by art. 749 is alternative; that is, it may be confinement in the penitentiary, or it may be by fine not to exceed $1,000. There can be no doubt but that the verdict was found and judgment rendered under and by virtue of the provisions of this statute.

Now, what is the distinction made by our law between a felony and a misdemeanor? We find it plainly and unmistakably declared by the Code itself: "Every offence which is punishable by death or *imprisonment in the penitentiary, either absolutely or as an alternative, is a felony;* every other offence is a misdemeanor." Penal Code, art. 54. It seems to me to follow inevitably that, the punishment under art. 749 being alternative, and one of the alternatives being confinement in the penitentiary, any conviction had under its provisions must necessarily be a felony. To hold otherwise, it appears to me, would be to ignore entirely the statutory definition of felony.

In New York and Missouri, a felony is an offence for which the accused *may* be imprisoned in the penitentiary, *and* not where he *must* be so imprisoned. *The People* v. *Van Steenburgh,* 1 Park. Cr. 39; *Johnson* v. *The State,* 7 Mo. 183. If this case should be reversed upon the merits, then on a second trial there is no doubt but that under the same

charge, which would be proper, defendant could be punished by confinement in the penitentiary. If so, what becomes of the rule that where a party has been convicted of a lesser offence he cannot be again convicted of the greater?

I am further of opinion that there can be no *theft of cattle* which is not a felony.

This view is strengthened, if not conclusively settled, by that portion of our Code with reference to other offences relating to stock (chap. 13). Looking to that chapter, we find it expressly provided in art. 767, that " if any person shall wilfully kill, or destroy, or drive, or remove from its accustomed range, any live stock not his own, without the consent of the owner, *under such circumstances as not to constitute theft, he shall nevertheless be guilty of misdemeanor*, and shall be punished by fine not exceeding $1,000."

If the view here presented of the law be correct, then it follows that defendant was convicted, as I believe, of a felony. If convicted of a felony, then he should have gone to jail to await the decision of this court upon his appeal, and could not avail himself of the right of appeal by entering into a recognizance. Having entered into a recognizance, which is unauthorized by law, the motion of the assistant attorney-general should prevail, and the appeal be dismissed.