## STATE v. WALLER.

1. SLANDER: *Is a felony under act of 1869.*
   Under the slander act of 1869, slander is a felony and not a misdemeanor, and it is not left to the court or jury to say which it is.

2. FELONIES: *Alternative punishments; Power of Legislature.*
   The Legislature has the right to provide in felony cases, alternative punishments, to be left at the discretion of the court, of such nature as belong to misdemeanors; and this discretion to mitigate the punishment, does not alter the nature of the crime.

APPEAL from *Lafayette* Circuit Court.

Hon. C. E. MITCHELL, Circuit Judge.

*C. B. Moore*, Att'y Gen'l., and *O. D. Scott*, for plaintiff in error.

State v. Waller.

This was an indictment for slander under *Secs.* 1544 * * 1551; *Gantt's Digest*. Sec. 1551 makes slander *a crime*, and if, because the punishment prescribed by *Sec.* 1551 does not make the offense definitely either a felony or a misdemeanor, but leaves it to a jury to determine, the penal parts of said section are void, yet the other sections are valid, and the crime could be punished under *Secs.* 1995-6.

No regard need be paid to the punishment in framing the indictment. *Bishop Cr. Law, Secs.* 203-4, *3d Ed.*

While it is admitted that the same act cannot be at once a misdemeanor and a felony, yet the same may be altered by express statute. *Ib., Sec.* 823. There are offenses punishable either as felonies or misdemeanors. *People v. Cornell,* 16 *Cal.,* 197. We have more than one such statute. *Sec.* 1317 *Gantt's Dig.* The power left to the jury is no greater than that exercised upon indictments for assault with intent to kill, when the jury may convict for felony or misdemeanor.

EAKIN, J. Waller was indicted by the grand jury for slander, under the act of March 19th, 1869. They charge him with the use of certain opprobrious words, regarding a married woman, which in their common acceptation convey an imputation of adultery. A demurrer to the indictment was sustained by the court, upon the express grounds, that the law was unconstitutional and void. The State sues a writ of error.

1. SLAN-DER: Is a felony un-der Act of 1869.
The law is, perhaps, unparalleled in civilized legislation, and finds its explanation in the fierce passions and civil commotions of the period which succeeded the late civil war. It provides that any one shall be deemed guilty of slander, and punished by indictment, who shall falsely utter or publish words, which in their ordinary acceptation shall amount to charge any one with having

been guilty of fornication or adultery; or to charge any one with having sworn falsely, whether with reference to a judicial proceeding or not; or to charge any person with having been guilty of any other crime or misdemeanor whatever; or with having been guilty of any other dishonest business, or official conduct or transaction, the effects of which would be to injure the credit business standing, or to bring into disrepute the good name or character of such person so slandered. All such slander was expressly made civilly actionable, and it was further declared that it should be a crime, to be punished, on conviction, by imprisonment "in the penitentiary house of this State, at hard labor, for a term of not less than six months, nor more than three years," or that the offender should be "fined not less than fifty nor more than three thousand dollars, or both fine and imprisonment may be imposed, at the discretion of the court; and any person so convicted and punished by fine only, if such fine be not paid at once, be confined in the penitentiary house of this State, at hard labor, until such fine be paid, at the rate of two dollars a day."

This statute, in its criminal aspect, has lain dead in our statute book for more than fifteen years since its passage; and is now first challenged regarding its right to be there, under our constitution. It was once alluded to, *arguendo*, by Mr. Chief Justice English in the civil case of *Roe and wife v. Chitwood*, 36 *Ark.*, 210, but it was not at all necessary to do so, as the question in that case was whether the words used were actionable, and they had been made so by an act of 1837. (*Gould's Digest, Chap. 161, Sec.* 1). The validity of the statute now in judgment made no point and had no importance in that case.

A "felony" under our law is defined to be "an offense

of which the punishment is death, or confinement in the penitentiary." All other crimes are misdemeanors. They are of a distinct grade and nature, and their boundaries must be defined by law. The same acts cannot at the same time constitute a felony and a misdemeanor. They cannot co-exist as the result of one and the same transaction. The crime must be one or the other, not both, or either. It results from the different natures of these classes of crime, under common law rules, and from their different punishments, and the divers modes of proceeding against offenders, says Mr. Bishop, that the same act cannot be both one and the other. (*Statutory Crimes*, *Sec.* 174). If the construction and effect of the act be, as held by the Circuit Judge, "that it leaves to the discretion of the jury, the designation of the crime of the defendant, whether the same should be a felony, or a misdemeanor," then it would be of questionable validity, as no such powers can be entrusted to juries. It will be seen however, that the power of determining whether the crime shall be punished as a felony, or a misdemeaner, is attempted to be vested in the court. The same objection may be made to that view of the act, and the same question arises. Does it define the nature and grade of the crime?

In Maine, a statute defined a "felony" to include every offense punishable with death or by imprisonment in the State prison." Another act provided that whoever should use any instrument with intent to destroy a child of which a woman might be pregnant, whether quick or not, and should destroy the child before its birth, should be punished by imprisonment in the state prison not more than five years, *or* by fine, &c. One Smith was indicted and convicted of murder, for having caused the death of a woman, unintentionally, in an effort to procure

such an abortion. It was contended for him and con-ceded by the court, on common law principles, that if he had intended only to commit a misdemeanor, the crime would be only manslaughter. It was further contended that the offense which he had intended to commit was only a misdemeanor, inasmuch as it was not, of course, punishable by imprisonment in the state prison, but might be punished by fine. To this view the court did not assent, holding that he might be properly convicted of murder, on the ground that every offense was felony which was *liable* to the higher punishment. 32 *Maine,* 369 The case was reversed upon other grounds upon a writ of error, but the Supreme Court in doing so re-affirmed the doctrine above announced, as sound, holding that the conviction for the murder of the mother would have been proper, if the indictment had properly charged the intent to commit the statutory crime. *Smith v State,* 33 *Maine, p.* 48.

The same question, in a slightly changed aspect, was again presented in that State, in the case of *State v. May-berry,* 48 *Maine,* 218. A statute had declared it a con-spiracy for two or more persons to conspire and agree wrongfully and wickedly to commit any crime punisha-ble by *imprisonment in the state prison.* Another act had provided that whoever should obtain goods, &c., by false pretenses, should be punished by imprisonment (in the state prison being understood) not more than seven years, *or* by fine not exceeding five hundred dollars. It was held that the crimes referred to in the act first above quoted meant such as were *liable* to be thus punished, and that defendant came within its range by a combina-tion to cheat and defraud against the provisions of the second, although the crime which they intended, *might* have been punished by fine alone.

A similar doctrine has obtained in Missouri, although their statutory definition of a felony seems from the reported cases, to include all offences which "may" be punished by imprisonment in the penitentiary. They are not authorities, therefore, on the point under discussion, but may be noticed, *en passant*, somewhat digressively, as bearing on this case in another way. It is held there not only that offences which *may* be punished by the penitentiary are felonies, but that the Legislature had wisely " left it to the discretion of the jury, in many offences, to inflict the punishment of imprisonment in the penitentiary, or fine, or imprisonment in the county jail," but that though this discretion is given to the juries they are still felonies.  See Cases in 7*th Missouri of Johnson v. State p*. 183 *and Ingram v. State p*. 293.

Returning to the construction of our definition of " felony."  A ruling was made in Georgia in the civil case of *Chandler v. Johnson et al*, 39 *Ga. p*. 85, to the effect that " stabbing" *might* be a felony, inasmuch as it was in the discretion of the court to punish it with imprisonment in the penitentiary, and that therefore a note executed to prevent a prosecution for stabbing was within the *reason and spirit* of the law against compounding a felony— that the higher law was in that case the criterion for determining the grade of the offence.  The line of reasoning seems to be that stabbing, by reason of its liability to the higher punishment, is *prima facie* a felony, and to be so considered in all collateral matters, unless the court had acted and, by inflicting the lower grade of punishment, determined that the particular offense was only a misdemeanor.

The particular question before us has been directly adjudicated in California.  In the case of the *People v. Cornell*, 16 *Cal.*, 187, it was held, in seeming accord with the

State v. Waller.

Georgia view, Mr. Chief Justice Field dissenting, that in all these cases which might be punished either as felonies or misdemeanors, it was the *punishment really inflicted* which determined the grade of the offence. That, however, was made with reference to the right of appeal, which was allowed in felonies and not in misdemeanors; the court holding that as to this, it would best serve the intent of the act to deny the right of appeal where only the punishment of a misdemeanor had been inflicted. The appeal was dismissed.

The question arose again in *The People v. War*, precisely as it is presented now here, 20 *Cal.*,117. The statute of that State provided, as ours does here, that "a felony is a public offense punishable by death or by imprisonment in a state prison. Every other public offence is a misdemeanor." War was indicted for an assault with a deadly weapon, with intent, &c., a crime for which the prescribed punishment was *either* imprisonment in the state prison, or a fine. A demurrer was sustained, and the People appealed.

It was contended by counsel for the respondent that an appeal would not lie because the offense charged was not of the grade of felony and could not be determined to be so before conviction. It was further contended that the act violated the constitutional provision as to the right of trial by jury in allowing the court to determine the most important question in the case, that is, whether the defendant was guilty of a felony or only a misdemeanor. It must be confessed that the argument is very persuasive, if indeed it be the punishment actually inflicted which determines the grade of the offense.

The court held, however, Mr. Chief Justice Field this time concurring, that the discretion given as to the punishment did not make two offenses, and that it would

State v. Waller.

be a singular consequence if the fixing of alternate punishments belonging to different classes of crimes should prevent a criminal act from being indictable as any crime. The doctrine was broadly announced that any offense which was *liable* to be punished by imprisonment in the state prison, was by reason of that liability made a felony, irrespective of lighter punishment, and must be so taken, and considered, and prosecuted with the forms and solemnities of a crime of that grade.

· We do not feel at liberty to run counter to the weight of authority upon this question, however obnoxious in other respects the law may seem to be. That is matter for the General Assembly. We must hold as the better established doctrine of strict law, that in this State, slander is a felony by force of the statute, and that it is none the less so because the Judge may mitigate the punishment by inflicting such as is appropriate to misdemeanors.

Whether or not a fine enforceable on default by imprisonment at hard labor in the penitentiary be an unusual or cruel punishment, in the sense of the constitution, is a question which does not affect the right to impose the fine, but the mode of its collection. The power to impose the fine may be conceded, without necessarily conceding the power to enforce the payment by any mode unduly severe, and unusual in other cases of fines for misdemeanors. This question can be determined when it may arise. At present it is sufficient to say, slander is made a felony by the statute of 1869, and not a misdemeanor, and it is not left to the court or jury to determine which it may be. This is the positive result of the decisions in Maine and California, and of the statute in Missouri defining a felony, which only expresses that, which, our statute, in other states has been held to imply. Also that the Legislature has the right to pro-

vide in cases of felony, alternative punishments, to be left to the discretion of the court, of such nature as belongs to misdemeanors, and that this discretion to mitigate the punishment does not alter the nature of the crime. The determination of this question under our statutes and constitution, in so far as it may affect those only punishable as for a misdemeanor, is not of great importance. Slander, at common law, was no felony, not even an indictable crime. It is made so by statute and a conviction upon it does not disfranchise one or deprive him of any of the rights of citizenship.

CONVIC-
TION: Does
not disfran-
chise.

We think the court erred in sustaining the demurrer, and the judgment must be reversed and the case remanded.