THE STATE v. CLAYTON, *Appellant.*

1. **Felony:** ASSAULT WITH INTENT TO KILL. A crime which is liable to be punished by imprisonment in the penitentiary is a felony. Assault with intent to kill is such a crime.

2. ———: ———: INDICTMENT. An indictment for an assault with intent to kill must charge that the assault was made with felonious intent. Without a felonious intent there can be no felony.

3. **Assault:** INDICTMENT. An assault may be charged in general terms, without specifying the manner in which it was made.

4.   **Criminal Law: PRACTICE : EVIDENCE.** On the trial of one charged with felonious assault, it is. error to admit evidence of a previous difficulty between the party alleged to have been assaulted and the brother of the defendant, where the defendant was in no way connected with it.

5.   ———: ———: ———.  Where evidence of such prior difficulty is admitted by the court with the promise that it will exclude it unless connection between the two transactions is subsequently shown, which is not done, and the court declines to withdraw the inadmissible testimony, its action amounts to a sanction of it, and is error.

6.   ———: ———: ———.  On a trial for assault with intent to kill, evidence that the party alleged to have been assaulted was at the time acting as town marshal should not be admitted where there is no testimony showing that he was then acting in his official capacity as a peace officer.

7.   ———: OFFICER.  An officer, when engaged in a mere personal encounter, and not in the discharge of his official duties, has no greater rights than any other citizen.

8.   ———: ———.  It is only while an officer is actually engaged in the performance of some official duty that the law throws around him its special protection.

9.   ———: FELONIOUS ASSAULT: INSTRUCTIONS.  A series of instruc- tions in a case of felonious assault examined and approved.

*Appeal from Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*Amos S. Smith* for appellant.

(1)  The court erred in admitting any testimony under the indictment.  (2)  The court erred in admitting testimony of the previous difficulty between Allen and Charles Clayton. *State v. Parker*, 96 Mo. 382; *State v. Tabor*, 95 Mo. 585; *State v. Jackson*, 95 Mo. 623.  (3)  The court erred in admitting testimony that Allen was, at the time of the difficulty, acting as town marshal, and was a peace officer.

*John M. Wood*, Attorney General, for the State.

(1)   The indictment is sufficient.  *State v. Hays*, 67 Mo. 692; *State v. Painter*, 67 Mo. 84; *State v. McDonald*, 67 Mo. 13; *State v. Phelan*, 65 Mo. 547. (2)   The first instruction is drawn under section 1263, Revised Statutes, 1879, and is correct.  The second properly defined reasonable doubt.  The third is not subject to objection.  The fourth instruction on the part of the state and fifth on the part of the defendant gave to him the full benefit of his plea of self-defense, and, if anything, the instructions taken together went farther than the law would strictly warrant, but of this he cannot complain.  *O'Leary v. Rowan*, 31 Mo. 117; 1 Bishop's Crim. Law, sec. 871; *State v. Alley*, 68 Mo. 124; *State v. Stockton*, 61 Mo. 382.   (3)   The testimony as to a difficulty before the one between defendant and deceased only referred to it incidentally in fixing the time when defendant appeared, with his pistol in hand, in search of Allen, and for the purpose of showing that there was a difficulty, and that defendant appeared shortly after in an excited, angry and threatening manner, with his pistol in hand it was competent.  The details of the previous difficulty between Allen and other parties were not related.  Under these circumstances, the court properly refused the fourth instruction asked by defendant.   (4)  The evidence admitted related to the difficulty between defendant and Allen.  For the purpose of determining the intent of either, their conduct immediately before and after the difficulty was relevant, needs not the citation of authorities, and the objections made by defendant to the admission of testimony is without merit.

SHERWOOD, J.—The charging part of the indictment in this cause is the following:   "That Wm. C. Clayton, late of the county aforesaid, on, or about, the seventeenth day of June, 1886, at the county of Hickory,

state aforesaid, did, upon the body of one Thos. G. Allen, then and there, being feloniously, on purpose and wilfully, with a deadly weapon, to-wit, a revolving pistol, loaded with gunpowder and leaden balls, which he, the said Wm. C. Clayton, then and there, had and held, did, then and there, make an assault with intent, him, the said Thos. G. Allen, then and there, to kill, against the peace and dignity of the state."

I. The indictment herein attempts to charge a felony, that is, a crime which is liable to be punished by imprisonment in the penitentiary, not one which must be thus punished. R. S. 1879, sec. 1676. This has been the law in this state over fifty years. Stat. 1835, sec. 36, p. 216; R. S. 1845, sec. 36, p. 414; R. S. 1855, sec. 38, p. 645; Gen. Stat. 1865, sec. 33, p. 828; Johnson v. State, 7 Mo. 183; Ingram v. State, 7 Mo. 293; State v. Murdock, 9 Mo. 730; State v. Green, 66 Mo. 632. Being thus a felony, it was indispensable that the indictment should charge that the act, to-wit, the assault, was done with a felonious intent, because without a felonious intent there can be no felony. Curtis v. People, Breese, 256; State v. Swann, 65 N. C. 330; 1 Arch Cr. Plead. 885, 929; 3 Chit. Cr. Law, 788, 828; 2 Bishop Crim. Proc., secs. 79, 651, 653; State v. Thompson, 30 Mo. 470; Beasley v. State, 18 Ala. 535.

The making of an assault like the one under discussion is not a new offense created by statute; it was an offense at common law; but was only a misdemeanor. 1 East. P. C. 411. The grade of the offense, however, having been raised to a felony, the common-law rules as to charging felonies must apply, and the act charged like any other felony originating at common law. On this ground it must be held that the indictment is insufficient and that the objections to its sufficiency were well taken.

II. It seems that most of the authorities favor the view that assaults may be charged in general terms, that

is, without specifying the means by which the assault was made. 2 Bishop's Crim. Proc., secs. 77, 656. In this state, however, the point has been ruled *both* ways. Thus, in *State v. Jordan*, 19 Mo. 212, and *State v. Greenhalgh*, 24 Mo. 373, it was held essential to state the manner in which the assault was made. In *State v. Chumley*, 67 Mo. 41, without adverting to former opinions it was ruled that it was unnecessary to allege the manner of the assault. And in *State v. Chandler*, 24 Mo. 371, it was ruled that the manner of the assault charged need not be alleged. It is, therefore, an open question in this state, and we decide to follow the general current of authorities and the well-established forms and precedents, and hold the present indictment good in the particular mentioned. 3 Chit. Cr. Law, 821, 828.

III. Allen, upon whom the assault is charged to have been made, had an encounter, a few moments before the assault occurred, with Charley Clayton in which the latter was shot and killed. Wm. C. Clayton was not present when this passage at arms occurred, and had nothing at all to do with it. Any testimony on this point was wholly irrelevant and should not have been admitted. If there had been any connection shown between the two encounters; if they both had formed but part of the *res gestæ*, then it would have been different. 2 Bishop Crim. Proc., sec. 662; *State v. Johnston*, 7 Mo. 183. As it was, an entirely independent matter was injected into the trial of this cause, the only effect of which was to distract the minds of the jurors from the real issues, or else to fill their minds with prejudice against the accused. *State v. Parker*, 96 Mo. 382, and cases cited. The court had promised that, "*unless defendant's connection with such prior difficulty was shown, he would withdraw it from the jury;*" but this was not done; this action of the court, therefore, had the effect to sanction this inadmissible testimony

and it went to the jury with the approval of the court impressed upon it. This was error and is condemned by the ruling in *State v. Rothschild*, 68 Mo. 52, where a similar promise and a similar failure to comply with it occurred.

The like line of argument applies to the action of the trial court in refusing to give the fourth instruction in which defendant asked that such objectionable testimony be withdrawn from the jury.

IV.   And for similar reasons testimony should not have been admitted that Allen, at the time of the assault, held the position of town marshal.   There was no testimony whatever that Allen was acting in his official capacity as a peace officer in trying to effect the arrest of the defendant at the time the assault was made, and certainly because he was such an officer gave him no greater rights than any other citizen, when engaged in a mere personal encounter.   Indeed the testimony of Kinney rather seems to show that Allen himself was the assaulter instead of the party assaulted.   If so, the fact that Allen was marshal had no possible relevancy to the case, and should have been excluded.   In this latitude, at least, we have not yet reached the point where "there's such divinity doth hedge" an official, that he is exempted from the operation of the ordinary laws of the country. As to those laws, he occupies just the same position as the humblest citizen, no better and no worse.   It is only while an officer *is actually engaged in performing some official duty* that the law throws around him its *"special protection,"* and not otherwise or elsewhere.   *State v. Dierberger*, 96 Mo. 666; *State v. McNally*, 87 Mo. *loc. cit.* 652, *et seq.*, and cas. cit.

V.   The instructions given at the instance of the state by the court were as follows :

" The court instructs the jury that, if they find from the evidence that Wm. C. Clayton, at any *time within three years* prior to the finding of the indictment in this

cause, at the county of Hickory, and state of Missouri, feloniously, on purpose and wilfully, made an assault on one Thomas G. Allen with a pistol, loaded with gunpowder and leaden balls, with the intent, him, the said Thos. G. Allen, then and there to kill, they will find defendant guilty and assess his punishment at imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months, or by both a fine of not less than one hundred dollars and imprisonment in the county jail not less than three months, or by a fine of not less than one hundred dollars."

"The court instructs the jury, that, before they can acquit the defendant on the ground of a reasonable doubt, such doubt must be a substantial doubt and not a mere possibility of his innocence."

"The court instructs the jury that, in passing upon the guilt or innocence of the defendant, they will take into consideration all the facts and circumstances detailed in evidence."

"The court instructs the jury that, before they can acquit the defendant upon the ground of self defense, you must believe and find from the evidence that the defendant had reasonable cause to apprehend that Thomas Allen was about to inflict upon him some great bodily harm, and that such danger was imminent and impending, and unless you so believe you will find defendant guilty and assess his punishment as provided in these instructions."

No valid objection can be taken to these instructions.

For the errors aforesaid, the judgment will be reversed and the cause remanded. All concur. BARCLAY, J., does not do so in paragraph four.