*In the matter of the Application of* MILTON STEVENS *for a Writ of Habeas Corpus.*

1. FELONY, *What is.*   An offense punishable — that is, that may be punished — by confinement and hard labor for a term not exceeding two years is a felony.

2. ———— *Jail Breaking.*   Under the provisions of ¿ 183 of the crimes act, the unlawful breaking of a jail before conviction is a felony.

*Original Proceeding in Habeas Corpus.*

WILLIAM C. STEVENS and Morris Stevens, while confined in the county jail, before conviction, charged with a criminal offense, broke jail and escaped therefrom. Milton Stevens,

the defendant in this proceeding, is charged with having concealed them after their escape, knowing that they had broken jail. The complaint filed in this case is as follows:

"STATE OF KANSAS, MITCHELL COUNTY, ss.

"W. C. Cochran, being first duly sworn, upon his oath says, that on the 30th day of June, 1893, William C. Stevens and Morris Stevens were lawfully imprisoned and detained in the county jail of Mitchell county, state of Kansas, and in the legal custody of said W. C. Cochran, as the jailer of said county jail, before conviction upon a criminal charge of larceny; and while so imprisoned and detained in said county jail, and in the lawful custody of said W. C. Cochran, as jailer of said county jail, under a commitment issued by D. A. McKechnie, a justice of the peace, the said William C. Stevens and Morris Stevens, aforesaid, did then and there, unlawfully, willfully, and feloniously, break the said prison, by then and there cutting, sawing, breaking and removing a portion of the sheet-iron ceiling and the board sheeting and shingles of the roof of said prison, making a hole through said roof, and by tearing up and tying together a blanket or blankets and fastening one end of the same to the rafter of said prison, and by climbing out of the hole so previously made by the said William C. Stevens aforesaid, and, by using said blanket as a rope, did escape from said prison and custody, by means of which breaking of said prison the said William C. Stevens and the said Morris Stevens did then and there, willfully, unlawfully, and feloniously, from and out of said prison, against the will and without the license of the keeper thereof, escape and go at large. And the said William C. Cochran further, under oath, says, that after the felony aforesaid was committed, in manner and form aforesaid, by the said William C. Stevens and Morris Stevens, to wit, on the 21st day of August, 1893, at the county of Mitchell and state of Kansas, Milton Stevens, then and there being, did willfully, unlawfully, and feloniously, and for the purpose of aiding the said William C. Stevens and Morris Stevens to escape and avoid arrest, trial, conviction and punishment for said felony aforesaid, receive, harbor, maintain and conceal the said William C. Stevens and Morris Stevens, the said Milton Stevens then and there well knowing the felony aforesaid to have been done and committed by the said William C. Stevens and Morris Stevens, in manner and form aforesaid, against the peace and

dignity of the state of Kansas, and contrary to the form of the statute in such case made and provided. W. C. COCHRAN.

"Subscribed and sworn to before me, this 21st day of August, 1893. D. A. McKECHNIE, *a Justice of the Peace.*"

Upon the foregoing complaint, the justice issued a warrant for the defendant, Milton Stevens. The warrant is in words and figures as follows:

"STATE OF KANSAS, MITCHELL COUNTY, *ss.*

"*The State of Kansas to the Sheriff or any Constable of Mitchell County, greeting:* Whereas, complaint in writing, under oath, has been made to me, and it appearing that there are reasonable grounds for believing that on the 21st day of August, 1893, in Mitchell county and state of Kansas, one Milton Stevens did then and there unlawfully, willfully and feloniously receive, harbor, maintain and conceal William Stevens and Morris Stevens, escaped felons: You are, therefore, commanded forthwith to arrest said Milton Stevens, and bring him before me, at my office in the city of Beloit, in said county, to answer said charge; and then and there return this writ.

"Witness my hand, at city of Beloit, in said county, this 21st day of August, 1893.

D. A. McKECHNIE, *Justice of the Peace.*"

The defendant was arrested, and, after a preliminary examination, was bound over to await his trial at the district court. The defendant gave a recognizance to appear at the next regular term of said district court, but surrendered himself to the sheriff to determine the legality of his imprisonment.

*W. J. Sturgis,* for petitioner.

*John T. Little,* attorney general, and *A. W. Hicks,* county attorney, for respondent.

The opinion of the court was delivered by

HORTON, C. J.: The only question in this case for our consideration is, whether the offense defined in § 183 of the crimes act is a felony. That section reads:

"If any person, lawfully imprisoned or detained in any

county jail or other place of imprisonment, or in the custody of any officer, upon any criminal charge, before conviction, for the violation of any penal statute, shall break such prison or custody and escape therefrom, he shall, upon conviction, be punished by confinement and hard labor for a term not exceeding two years, or in a county jail not less than six months."

Section 422 reads:

"Every person who shall be convicted of having concealed any offender after the commission of any felony, or of having given to such offender any other aid, knowing that he has committed a felony, with the intent and in order that he may escape or avoid arrest, trial, conviction, or punishment, and no other, shall be deemed an accessory after the fact; and, upon conviction, shall be punished by confinement and hard labor not exceeding five years, or in the county jail not exceeding one year or less than six months, or by fine not less than $400, or by both a fine not less than $100 and imprisonment in a county jail not less than three months."

Upon the part of the petitioner, the contention is, that an offense which may be punished otherwise than by death and imprisonment in the penitentiary is a misdemeanor only, and not a felony. Section 4 of the criminal procedure reads: "A felony is an offense punishable by death or confinement and hard labor in the penitentiary." Bishop, in his New Criminal Law, says that,

"In a considerable number of our states, statutes have defined felonies to be all offenses which are punishable either by death or imprisonment in the state prison. In minor particulars, these statutes differ. If, by the statutory terms, the court or jury is at liberty to inflict some milder punishment instead of imprisonment or death, the offense is still felony. It suffices that the heavier punishment may be imposed." (Vol. 1, §§ 618, 619.)

See, also, *The State v. Smith*, 32 Me. 369; *Johnston v. The State*, 7 Mo. 183; *Ingram v. The State*, 7 id. 293; *People v. War*, 20 Cal. 117; *The State v. Mayberry*, 48 Me. 218; *The State v. Waller*, 43 Ark. 381; *People v. Lyon*, 99 N. Y. 210.

Within the statute, "the breaking of a jail" before con-

viction may be punished by confinement and hard labor in the penitentiary. Under the great weight of authority, any offender who may be punished in this matter is guilty of a felony. To constitute that grade of offense, it is not necessary that it *must* be so punished; the maximum punishment to which the offender is punishable—*that is, may be punished, or is liable*—is the test by which the degree of the offense is determined.

The case of *Lamkin v. People*, 94 Ill. 501, is in conflict with the general decisions of the courts. The other decisions referred to on the part of the petitioner are not strictly applicable. As, in our opinion, the breaking of a jail before conviction is a felony under the statute, the application for the writ of *habeas corpus* will be denied.

All the Justices concurring.