[Crim. No. 522.   Department One.—May 4, 1899.]

THE PEOPLE, Respondent, v. JOHN PICETTI, Appellant.

CRIMINAL LAW — CHARGE OF GRAND LARCENY — CONVICTION OF PETIT
   LARCENY—STATUTE OF LIMITATIONS.—The one year statute of limita-
   tions applies to a conviction of a misdemeanor permissible under
   an information or indictment charging a felony; and a defend-
   ant charged with grand larceny committed more than one year
   prior to the filing of the information cannot properly be con-
   victed of petit larceny.

ID.—LIBERAL CONSTRUCTION OF CODE.—Section 801 of the Penal Code,
   which provides that "an indictment for any misdemeanor must be
   found, or an information filed, within one year after its com-
   mission," is to be liberally construed as declaring in effect that
   all misdemeanors prosecuted under an indictment or informa-
   tion, under which a defendant may be convicted of a misde-
   meanor, whether appearing on its face or not, are barred by the
   statute of limitations in one year.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial.   Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Devoto & De Martini, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Depu-
ty Attorney General, for Respondent.

GAROUTTE, J.—The defendant was informed against on
the twelfth day of September, 1898, by the district attorney
of the city and county of San Francisco, for the crime of grand
larceny, alleged to have been committed on the fifteenth day
of March, 1897.   He was tried and convicted of petit larceny.
This appeal is taken from the judgment and order denying his
motion for a new trial.

As the sole ground for the appeal, it is claimed that the de-
fendant having been convicted of petit larceny, the judgment is
void, inasmuch as the statute of limitations bars the prosecution
of the defendant, under such circumstances.   This contention
is based upon section 801 of the Penal Code, which provides:
"An indictment for any misdemeanor must be found, or an in-

formation filed, within one year after its commission." Giving a liberal construction to this provision of the code, we have arrived at the conclusion that the defendant should not have been convicted of the crime of petit larceny. To our surprise, we have been unable to find any provision of the law prescribing a limitation for the prosecution of ordinary or simple misdemeanors. But the provision quoted above does declare in effect that all misdemeanors prosecuted by indictment or information are barred by the statute of limitations in one year. This defendant has been prosecuted by information and has been convicted of a misdemeanor. He has, therefore, been prosecuted for a misdemeanor, by information, and the one-year statute would seem to apply. By a strict construction of this provision of the code it might be held that it was only applied to those specific cases where the information or indictment upon its face charged a misdemeanor. But a more liberal construction would make the statute apply to all those cases where, under the indictment or information, the defendant may be, and is, convicted of a misdemeanor. Such construction should maintain, especially in view of the fact that otherwise, in every case where a defendant is prosecuted for felony and convicted of misdemeanor, there would be no statute of limitations which could be invoked. These conditions as to such convictions arise every day, and we conclude that the one-year statute of limitations should be held to apply to those cases.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

Harrison, J., and Van Dyke, J., concurred.