PEOPLE, PLAINTIFF AND APPELLEE, *v.* RAMOS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Larceny.

No. 1554.—Decided July 23, 1920.

LARCENY—VALUE OF ARTICLES STOLEN.—It having been shown that the defendant stole and sold several articles valued at more than $30 and less than $100, it was not necessary to prove the exact value of each one of the articles stolen.

ID.—CARRYING AWAY.—It having been proved that the articles stolen belonged to the municipality; that they came into the hands of the defendant, and that he sold them, it is necessary to conclude that the carrying away was proved as a necessary consequence of these facts.

ID.—INDICTMENT—AMENDMENT.—*Quaere:* Whether an indictment may be amended at the trial.

ID.—ID.—ID.—CLERICAL ERROR—VARIANCE.—If the amendment is of a clerical error, as merely the change of a date, and it is deduced from the evidenec that the defendant had knowledge of the date, there is no prejudicial error, especially considering the liberality of the Code of Criminal Procedure regarding the date of the commission of a crime when such date is not of the essence of the crime.

ID.—ID.—DISCHARGE—SPEEDY TRIAL.—A person accused of grand larceny and convicted by the jury of petty larceny is entitled to a discharge if he proves that the indictment was presented more than a year after the commission of the crime; but the appellant here has no such right, because the evidence tends to show that the crime was committed within the twelve months preceding the date of the indictment.

The facts are stated in the opinion.

Messrs. F. B. Fornaris and L. Tormes for the appellant.

Messrs. J. E. Figueras, Fiscal, and C. Llauger Díaz for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an information presented by the grand jury in the District Court of Ponce against José Ramos for the crime of grand larceny. The jury, under careful instruction by the court, brought in a verdict of petty larceny and the defendant was accordingly sentenced to two months in jail.

One of the errors assigned by the appellant is that the crime was not proved, inasmuch as neither the ownership of the goods stolen, the value thereof, nor the act of carrying them away was shown.

The act of carrying away was proven by circumstantial evidence as well as by direct proof of witnesses, and especially by the admission and confession of the defendant.

While the exact value of any particular piece of property was not shown, yet the proof showed that on or after October, 1918, articles valued at more than $30 and less than $100 were taken and sold by the defendant to witness Napoleonis.

As for the act of carrying away, this was a necessary inference from the former possession of the municipality and their coming into the hands of the defendant and their sale by him as shown by direct proof and admissions of the defendant. And similarly as to ownership.

The appellant also assigns error because of the action of the court in permitting the *fiscal* to amend the information at the trial. This was an indictment presented by the grand jury and while we are inclined to believe that the district attorney, under proper conditions, may amend at the trial, yet we find it unnecessary to decide the question, because the appellant has presented no satisfactory argument on the subject and the *fiscal* of this court was prevented by illness from filing a brief. What we do decide, however, is that the amendment in question was made to cover a variance that was immaterial and in no wise prejudicial to the rights of the defendant and appellant. The information charged that the goods were taken in October of 1919. The proof tended to show that they were taken in October of 1918 or a month or so thereafter. The *fiscal,* alleging that the mention of 1919 was a clerical slip, asked that by amendment he be allowed to make the date read October, 1918. The defendant alleged surprise and prejudice, but the court pointed out that there was in evidence a sworn confession on the part of defendant, made in September of 1919, which showed that the articles robbed must have been of an earlier date, and from that and other matters shown in the proof we, with the court below, are quite convinced that the appellant was neither surprised nor prejudiced by the proof that the larceny was committed as of October, 1918, or a month or two thereafter.

Section 78 of the Code of Criminal Procedure sets forth that the precise time at which the offense was committed need not be stated in the information, but it may be alleged to have been committed at any time before the finding or filing thereof, except where the time is a material ingredient in the offense; and also in section 82 it is held that an information is sufficient if it can be understood therefrom that the offense was committed at some time prior to the filing of the information. The spirit that underlies these two sec-

tions also tends to show that the defendant was not prejudiced by the inaccuracy in the information.

The third error assigned presents a little more difficulty. The appellant. maintains that as he was only convicted of petty larceny the information against him was filed too late. Section 80 of the Penal Code provides that the prosecution for any misdemeanor must be commenced within one year after its commission. Under a somewhat similar provision of the California Code the Supreme Court of that State decided in *People* v. *Picetti,* 57 Pac. 156, that where an information is begun for grand larceny and the defendant is convicted of petty larceny he may, nevertheless, avail himself of the limitation fixed by the law, and that this is generally the law appears from the statement in 16 Corpus Juris, 224, § 343. Hence the appellant, unless he waived his privilege by not presenting the matter to the court below, would have been entitled to a discharge if he showed that the information was presented more than a year after the commission of the offense. The proof, however, we think shows the contrary. The information bears date of October 28, 1919. The witnesses are a little vague as to the exact date when the articles were stolen, but all the proof tends to show that the sale of the articles and their antecedent carrying away were committed within a short time of each other and that the actual sale took place some time after the earthquake of 1918. Witness Napoleonis, when questioned by the defendant, said that this sale took place in December of 1918. This answer of the witness was made because the defendant was trying to show that of the articles alleged to have been stolen, all amounting to more than $100, some of them were taken at one time and some at another.

As the proof tends to show that the crime of which the defendant was convicted was committed within twelve months prior to October 28, 1919, we are of the opinion that the

plea of limitation, alleged apparently for the first time in this court, cannot avail the appellant.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.