STATE, Appellant, *v.* ATLAS, Respondent.

(No. 5,853.)

(Submitted March 1, 1926.  Decided March 6, 1926.)

[244 Pac. 477.]

*Criminal Law—Automobiles—Taking and Using Without Consent of Owner—Offense Constituting Felony or Misdemeanor—Limitations—Appeal—Record.*

Criminal Law—Appeal from Judgment Sustaining Demurrer to Information—Record—Sufficiency.
 1.  Where the record in a criminal case on appeal by the state from a judgment sustaining a demurrer to the information contains the minute entry allowing the demurrer, the appeal is not subject to dismissal on the ground that the transcript does not contain a copy of the judgment, the order entered in the minutes constituting the judgment in such a case.

Same—Offense Constituting Felony or Misdemeanor—Grade of Crime.
 2.  *Held,* that where an offense which is not divisible into degrees and does not include a lesser offense, is punishable either as a misdemeanor or as a felony in the discretion of the court or jury, it is the possible sentence which determines the grade of the crime; hence it is to be deemed a felony up to the time of judgment, whereupon, if the punishment inflicted be other than imprisonment in the state prison, it is to be considered a misdemeanor for all purposes, under section 10723, Revised Codes of 1921.

Same—Using Automobile Without Consent of Owner—Felony—Limitation.
 3.  Defendant was charged with taking and using an automobile without the consent of the owner, under section 11478, Revised Codes, which makes the offense punishable by fine or imprisonment in the county jail, or by imprisonment in the state penitentiary not exceeding five years.  The information was not filed until fourteen months after the commission of the offense.  *Held,* under the rule above (par. 2), that the district court erred in sustaining a demurrer to the pleading on the ground that, the offense being a misdemeanor, the limitation of one year fixed by section ·11724, Revised Codes, within which the information could be filed had expired, and holding that it was without jurisdiction to proceed.

[1] Criminal Law, 17 C. J., sec. 3440, p. 158, n. 8 New.
[2, 3] Criminal Law, 16 C. J., sec. 4, p. 55, n. 54; sec. 14, p. 61, n. 12; sec. 341, p. 223, n. 55.

*Appeal from District Court, Lewis and Clark County; A. J. Horsky, Judge.*

2.  See 8 R. C. L. 56.

PHIL ATLAS was charged with unlawfully taking, using and operating an automobile without the consent of the owner. From a judgment sustaining his demurrer to the information the State appeals. Reversed and remanded.

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for the State, submitted a brief; the latter arguing the cause orally.

Citing: *People* v. *War,* 20 Cal. 117; *People* v. *Gray,* 137 Cal. 268, 70 Pac. 20; *People* v. *Hughes,* 137 N. Y. 29, 32 N. E. 1105; *State* v. *Melton,* 117 Mo. 618, 23 S. W. 889; *State* v. *Waller,* 43 Ark. 381; *In re Stevens,* 52 Kan. 56, 34 Pac. 459; *State* v. *Harr,* 38 W. Va. 58, 17 S. E. 794.

*Mr. Lester H. Loble* and *Mr. Hugh R. Adair,* for Respondent, submitted a brief; *Mr. Adair* argued the cause orally.

Citing: *State* v. *Steensland,* 33 Idaho, 529, 195 Pac. 1080; *Moore* v. *State,* 43 N. J. L. 203, 39 Am. Rep. 558; *State* v. *Bevins,* 94 W. Va. 344, 118 S. E. 342; *People* v. *Picetti,* 124 Cal. 361, 57 Pac. 156; *Drott* v. *People,* 71 Colo. 383, 206 Pac. 797; *People* v. *Meyers,* 39 Cal. App. 244, 178 Pac. 965; *Hickey* v. *State,* 131 Tenn. 112, 174 S. W. 269; *State* v. *Frisbee,* 142 N. C. 671, 58 S. E. 722; *People* v. *Gray,* 137 Cal. 268, 70 Pac. 20; *State* v. *Heller,* 76 Wis. 517, 45 N. W. 307.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On September 28, 1925, the county attorney of Lewis and Clark county filed in the district court of said county an information charging that—

"On or about the 23d day of August, 1924,  *  *  *  Phil Atlas did willfully, unlawfully, and feloniously take, use, and operate on a public highway a certain automobile  *  *  *  of the value of more than $5,000  *  *  *  without the consent of the  *  *  *  owner, Louis Heitman," *etc.*

The case was set for trial for October 22, 1925, at which time defendant appeared with his counsel, and, before his plea was entered or any proceedings were had in the case, demurred to the information and moved a dismissal on the ground that it appeared from the face of the information that more than one year elapsed between the time of the alleged offense and the filing of the information, and that therefore the statute of limitations had run. On the grounds urged the court sustained both the demurrer and the motion, and its ruling was duly entered in the minutes of the court, followed by the further order:

"The information is dismissed, and the defendant is discharged and his bondsmen exonerated."

The State thereafter gave notice of appeal, which notice reads in part as follows:

"You and each of you will please take notice that the state of Montana * * * appeals from that certain order herein, * * * which said order is in words and figures following: * * * [setting out the order referred to above.]"

1. The defendant has moved to dismiss the appeal upon the [1] ground that "the attempted appeal is not taken by the state from a judgment for the defendant, nor from any order from which an appeal may be taken."

Defendant relies upon the decision in *State* v. *Nilan, ante,* p. 397, 243 Pac. 1081. In that case this court declared: "The record on appeal in a criminal case, says the statute, shall consist of the judgment-roll as defined in section 12074 of the Code, a copy of the notice of appeal, and all bills of exception settled and filed in the case," *etc.*

Section 11901, Revised Codes of 1921, reads as follows: "Upon considering the demurrer, the court must give judgment, either allowing or disallowing it, and an order to that effect must be entered upon the minutes."

In the *Nilan Case* we pointed out that, by reason of the particular requirements of this section and those contained in section 12110, two acts are required, (1) giving judgment,

and (2) entering the same in the minutes; and the order sustaining the demurrer constitutes the judgment. In that case the state failed to include in the record the minute entry, and therefore failed to show that the requirements of section 11901 had been complied with. For this reason the motion to dismiss in that case was sustained. Here the state did not transgress in this particular; the transcript contains the minute entry of the order allowing the demurrer, and therefore contains "a copy of the judgment." The motion to dismiss is therefore overruled.

2. The only question raised on the merits is: Where a single **[2, 3]** offense which cannot be divided into degrees and does not include any lesser offense is punishable either as a misdemeanor or a felony, in the discretion of a court or jury, and the statute of limitations for misdemeanors has run prior to the filing of the information, can the statute be successfully invoked as a bar to the prosecution?

The information herein is based on the provisions of section 11478, Revised Codes of 1921. Prior to 1919 the statute on the subject declared that any person committing such an offense, "is guilty of a misdemeanor," and was punishable by fine or imprisonment in the county jail (Chap. 27, Laws 1915); but by Chapter 91, Laws of 1919, the legislature amended that Act by eliminating the phrase, "is guilty of a misdemeanor," and adding to the provision fixing the punishment which may be imposed the clause, "or by imprisonment in the state prison not exceeding five years." The Act, as amended, has been included in the Revised Codes of 1921 as section 11478.

The statutes of limitations in criminal actions which we are called upon to consider are found in sections 11723 and 11724, Revised Codes of 1921, which provide that while an information for a felony, other than murder or manslaughter, may be filed at any time within five years after the commission of the offense charged, an information for a misdemeanor must be filed within one year after the commission of the offense charged.

Section 10723 declares that "a felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor." This section further provides that "when a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court or jury, it is a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison."

Under similar provisions in that state, the supreme court of California, in *People* v. *Gray,* 137 Cal. 268, 70 Pac. 20, held that their Penal Code, section 801, fixing the limitation for the filing of an information in a misdemeanor case, applied to an information which charged the commission of an offense punishable by either imprisonment in the county jail or in the state prison.

The learned trial judge doubtless fell into error in this case by reason of having the holding in the California case called to his attention. The supreme court of California reached its erroneous conclusion by its failure to distinguish between those statutes making certain offenses punishable as felonies, but in which offenses lower grades or degrees of crime are included, and those statutes defining a single offense, without grades or degrees, but providing punishment therefor either as a misdemeanor or a felony, within the discretion of the court or jury.

Counsel for defendants have also failed to recognize this distinction, and in support of their contention here, as they doubtless did before the trial court, cite authorities to the effect that where a charge of felony includes an offense of the grade of a misdemeanor, the bar of the statute of limitations cannot be evaded by charging the defendant with a felony and then convicting him of the lesser offense. (8 R. C. L. 133; *People* v. *Picetti,* 124 Cal. 361, 57 Pac. 156; *People* v. *Gray,* above.)

Since the trial court's decision herein, California, recognizing its error, has. expressly overruled *People* v. *Gray,* pointing out

the distinction between that case, where, as in the case before us, the acts charged constituted but a single offense, and *People* v. *Picetti,* wherein the rule last quoted applied, and in which the defendant, though charged with grand larceny, was in fact guilty only of petit larceny. (*Doble* v. *Superior Court* (Cal. Sup.), 241 Pac. 852. This distinction is clear; felonies and misdemeanors are distinct grades of crime, and their boundaries must be defined by law; the line of demarcation is fixed by the nature of the punishment which may be imposed on conviction, and "it is not the actual sentence but the possible one that determines the grade of the offense." (*People* v. *Hughes,* 137 N. Y. 29, 32 N. E. 1105.) Certain acts may constitute either one or the other of two or more crimes, as in the case of larceny or assault, but in such cases the acts alleged do not constitute a single crime, which may be either a felony or a misdemeanor, but distinct crimes, one of which is a felony and the other a misdemeanor, depending, not on the discretion of the court, but upon the fact conditions shown to exist. Thus in *People* v. *Picetti,* above, the defendant was shown to be guilty of petit larceny, which showing proved that he was never properly chargeable with grand larceny; hence the application of the rule. On the other hand, where a single act or a series of acts constitutes a single offense, that offense must be the one thing or the other; either it is a felony or it is a misdemeanor; "it cannot be both, or either." (*State* v. *Waller,* 43 Ark. 381; *Smith* v. *State,* 33 Me. 48, 54 Am. Dec. 607; *Ingram* v. *State,* 7 Mo. 293; Bishop's Statutory Crimes, sec. 174.)

The determination as to whether a given offense shall be defined as a felony or as a misdemeanor rests with the legislature, and, on such declaration, that body has the right, after declaring a certain offense to be a felony, or after fixing punishment which brands the offense as that grade of crime, to provide alternate punishments of such nature as apply ordinarily to misdemeanors, to be imposed in the discretion of the court; but this discretion to mitigate the punishment, after

conviction, does not alter the nature of the crime of which the defendant has been duly convicted. (*State* v. *Waller,* above; *In re Stevens,* 52 Kan. 56, 34 Pac. 459; *State* v. *Harr,* 38 W. Va. 58, 17 S. W. 794; *Johnston* v. *State,* 7 Mo. 183; *People* v. *Lyon,* 99 N. Y. 210, 1 N. E. 673.)

Prior to the amendment. of 1919, noted above, the offense here charged was a misdemeanor, its grade was fixed by the punishment prescribed, and the statute expressly declared that one committing such an offense "is guilty of a misdemeanor"; but by striking out that declaration and providing that imprisonment in the state prison may be inflicted as a punishment, the legislature changed the crime described to a felony.

The general rule is that the infliction of the permissible lesser punishment does not reduce a felony punishable either by imprisonment in the state prison or by fine or imprisonment in a county jail to a grade of a misdemeanor; it is nevertheless a felony for all purposes both before and after judgment (*State* v. *Melton,* 117 Mo. 618, 23 S. W. 889, and cases therein cited); but by section 10723 above, this general rule is modified by the declaration that, "*after* the imposition of a punishment other than imprisonment in the state prison it is a misdemeanor for all purposes." In other words, after the court has exercised its discretion by the mitigation of the punishment inflicted, any disability imposed by reason of the conviction of a crime shall be measured as for a conviction of a misdemeanor and not a felony, and any proceedings had after judgment must be based upon such a conviction. The judgment, however, cannot be retroactive, and by its mere entry destroy a valid conviction on evidence which would not vary an iota to warrant the infliction of the greater punishment.

The supreme court of California had before it an identical statute in the case of *Doble* v. *Superior Court,* above, and therein construed the statute to mean that "the charge stands as a felony for every purpose up to judgment, and if the judgment be felonious, in that event, it is a felony after as well as before judgment; but if the judgment is for a mis-

demeanor it is deemed a misdemeanor for all purposes thereafter—the judgment not to have a retroactive effect so far as the statute of limitations is concerned." This interpretation is logical and expresses the evident intent of the legislature.

That the statute of limitations has run against the acts complained of is a defense which must be taken advantage of before conviction, and not after, and the statute goes no further than to provide that the offense shall be a misdemeanor after conviction and sentence. It would be an anomalous situation, which the legislature certainly did not intend to create, if, after overruling a demurrer to an information charging such a crime as that under consideration, and the subsequent conviction of the defendant, the court must either sentence the guilty party to a term in the penitentiary or permit him to go unwhipped of justice. Such a construction of the statute would render it an instrument of injustice either against the justly convicted petty malefactor or against the public.

It is therefore apparent that the limitation expressed in section 11723, above, is the only limitation applicable to the crime here charged, and that the trial court erred in sustaining the demurrer and. motion based upon the provisions of section 11724.

The judgment appealed from is reversed and the cause remanded to the district court of Lewis and Clark county, with direction to overrule the demurrer to the information and to deny the motion to dismiss the action.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.